## Hulett *et al. versus* Mutual Life Insurance Co. of New York.

A. by deeds dated February 28th, 1878, through another conveyed two farms to B. his wife, the possession remaining unchanged. These deeds were not recorded until April 4th, 1881. In the meantime January 21st, 1881, A. mortgaged these farms to C., who had no notice of the conveyance to B. Subsequently B., her husband A. joining her, conveyed by deed one of these farms to D., their son, and the other to E. their daughter, who respectively went into possession of them. C. issued a writ of *scire facias* on his mortgage against A. as defendant with notice to B. D. and E. as *terre tenants*. B. pleaded *non est factum* and coverture, D. and E. each pleaded that they had no land bound by the lien of the mortgage. *Held (a)* That under the recording Act of March 18th, 1775, the unrecorded deeds conveying the farms from A. to B. were void as to

a subsequent mortgagee without notice. *(b)* That the deeds of B. and A. to D. and E., conveyed the interest of A. in the farms and that D. and E. were *terre tenants prima facie* and were rightly joined as such. *(c)* That D. and E. are concluded as to all matters which as *terre tenants* they might have made matters of defence, such as payment, release, efflux of time. *(d)* That in this case whether the judgment against D. and E., is conclusive that they are *terre tenants*, would not be decided.

March 17th, 1886.   Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, GREEN and CLARK, JJ.   STERRETT, J. absent.

ERROR to the court of Common Pleas of *Bradford county.* Of January Term 1886, No. 220.

This was a *scire facias sur* mortgage wherein the Mutual Life Insurance Company of New York was plaintiff, and Rufus K. Hulett was defendant, with notice to Effie C. Hulett and Rufus K. Hulett, her husband, Alice J. ·Patterson and Walter G. Patterson her husband, and Gilbert E. Hulett, terre tenants.

Effie C. Hulett pleaded *non est factum* and coverture, and Gilbert Hulett and Alice J. Patterson pleaded that they held no lands bound by the lien of the mortgage.

The following are the facts of the case as they appeared on the trial before MAYER, P. J., of the twenty-fifth judicial district.

On September 4th, 1854, Rufus K. Hulett became the owner of a tract of land of 108 acres, and January 9th, 1865, of another tract of 78 acres and 60 perches, both situated in the township of Athens, in the county of Bradford.   He was married in 1851 or 1852, and with his wife, Effie C. Hulett, first lived on the first mentioned farm until the second one was purchased, when they moved on the latter one, where they have since lived together as husband and wife.   They had possession of both farms until 1882, when their son, Gilbert E. Hulett, took possession of the 108-acre one, and since remained in possession.

On February 12th, 1878.   Rufus K. Hulett conveyed both farms to Horace A. Kiff, by deed acknowledged same day, who the same day conveyed them with other property to Effie C. Hulett, the wife of Rufus K. Hulett, by deed acknowledged same day.   Both conveyances were recorded April 4th, 1881.

On January 21st, 1881, Rufus K. Hulett borrowed from the Mutual Life Insurance Co., of New York, the sum of $3,500, and gave as security a bond and mortgage upon the above mentioned real estate, the title to which had been previously placed in his wife, Effie C. Hulett, without her uniting in the mortgage.   The interest was paid upon the same, to

March 1st, 1884.   On June 21st, 1884, default in payment of the mortgage having been made, this *scire facias* was issued.

On May 22d, 1883, Effie C. Hulett and her husband, conveyed the 108-acre farm to their son, Gilbert E. Hulett, by deed acknowledged same day, which recited the conveyance from Horace A. Kiff to Effie C. Hulett, of February 12th, 1878, and on May 7th, 1883, they conveyed the 78-acre farm to their daughter, Alice J. Hulett, afterwards intermarried with Walter G. Patterson, now deceased.

On the trial the court directed the jury to be discharged as to Effie C. Hulett, without either nonsuit or verdict in her favor (Fifth assignment of error) and directed the jury to render a verdict in favor of the plaintiff against Gilbert E. Hulett and Walter G. Patterson, executor of Alice J. Patterson, deceased, for the sum of $4,093.34, (Fourth assignment of error.)

The jury rendered a verdict as directed, and judgment was thereupon entered, whereupon the defendants took this writ filing, *inter alia*, the above assignments of error.

*Rodney A. Mercur, (J. F. Shoemaker* with him), for plaintiff in error.—The principal question in this case is, whether in this action of *scire facias sur* mortgage the plaintiffs in error, summoned as terre tenants, can be compelled to try titles therein when they claim by the title paramount to the mortgagor.

The Act of 1705, Sec. 6, 1 Sm. 59, (1 Purdon, 596, pl. 149,) does not even require that terre tenants, or purchasers under the mortgage, should be made parties to the *scire facias* on the mortgage, but the better and general practice is to make them parties:  Mather *v.* Clark, 1 Watts, 491 ; Mevey's Appeal, 4 Barr, 80 ; Tryon *v.* Munson, 27 P. F. S., 260.

If, however, the terre tenant be admitted to take defence to the *sci. fa.,* he is concluded by the judgment : Schnep's Appeal, 11 Wright, 37.

It therefore becomes important to decide who is a terre tenant.   Can one summoned as a terre tenant, though not one, come under a *scire facias, nolens volens ?*

Chief Justice Gibson says :

Those only are terre tenants who claim by a conveyance subsequent to a judgment :   Chahoon *v.* Hollenback, 16 S. & R., 425 ; Mitchell *v.* Hamilton, 8 Barr, 491 ; Drugler *v.* Kiehner, 1 Harris, 41 ; R. R. Co. *v.* Jones, 29 P. F. S., 66.

Not being terre tenants they cannot be brought in on a *scire facias :* Jarrett *v.* Tomlinson, 3 W. & S., 114 ; Catlin *v.* Robinson, 7 Watts, 379 ; Colwell *v.* Easley, 2 Norris, 33.

*E. A. Overton* (*B. M. Peck* and *D. C. Robinson* with him), for defendant in error.—Under the Act of March 18th, 1775, the deed from Hulett to his wife not having been recorded until after his mortgage to the plaintiff, is void as to it.

The deeds by Mrs. Hulett and husband to their children conveyed the interest of the husband in the lands. They therefore acquired title from the mortgagee after the mortgage was recorded and became a lien on the lands. They are therefore terre tenants. This was the question of fact to be tried and determined by the jury.

We readily concede that not every adverse title could be tried in a *sci. fa.* sur mortgage or judgment, but we think the distinction in the cases where title can be inquired into and where not, has been settled beyond controversy both by long practice and direct authority.

As long since as Mather *v.* Clark, 1 Watts, 491, KENNEDY, J., in delivering the opinion of the court, said; "It is not necessary in this state to give notice to the terre tenant of the mortgage premises of the suing out of the writ of *scire facias*, or to make him a party to the proceedings in any way in order to make a good and valid sale of the land to satisfy the debt or money due upon the mortgage. Such notice may be given, and I think it commendable to do so." . . . . . "The only difference that a want of notice to the terre tenant makes is, that he will be permitted to make any available defence against the purchaser of the land at sheriff's sale that he might have set up on the trial of the *sci. fa.* in case it had been served upon him (see Nace *v.* Hollenback, 1 S. & R,, 548), but if it has been served upon him he can make no such defence against the sheriff's vendee. (Ibid. 540, Blythe *v.* McClintock, 7 S. & R., 341). But the circumstance of his having become a terre tenant of the land after the execution of a mortgage which was valid in its original concoction and has been duly recorded, will form no defence whatever either upon the trial of the *scire facias* or that of the ejectment brought against him by the sheriff's vendee." See also: Meevey's Appeal, 4 Barr, 80 ; Evans *v.* Meylert, 7 Harris, 411 ; Wallace *v.* Blair, et al., 1 Grant, 81 ; Schnepf's Appeal, 11 Wright, 37 ; Speer *v.* Evans, Ibid., 141.

The plaintiffs in the present case derived their title from the mortgagor either mediately or immediately, and whether the title was bound by the mortgage was the question tried.

How, under their own allegations, they can say they have no connection with the debtor's title, it is difficult to understand, and we shall need some nice distinctions more definite than any yet made by this court, if we are prevented from testing the validity of a conveyance which the Recording Acts pro-

4 AMERMAN —10

nounce fraudulent as against a *bonâ fide* mortgagee for value, on a *scire facias sur* mortgage.

Mr. Justice CLARK delivered the opinion of the court October 4th, 1886.

A terre tenant, in a general sense, is one who is seised or actually possessed of lands as the owner thereof. In a *scire facias sur mortgage* or judgment, a terre tenant is, in a more restricted sense, one, other than the debtor, who becomes seised or possessed of the debtor's lands, subject to the lien thereof. Those only are terre tenants therefore, in a technical sense, whose title is subsequent to the incumbrance: Chahoun *v.* Hollenbach, 16 S. & R., 425.

"Strictly speaking" says Chief Justice GIBSON, in Mitchell *v.* Hamilton, 8 Barr, 491, "only the debtor's subsequent grantee of the fee simple is a terre tenant." So in Dengler *v.* Kiehner, 1 Harris, 41, says the same learned Judge, "Who is a terre tenant? Not every one who happens to be in possession of the land; there can be no terre tenant who is not a purchaser of the estate, mediately or immediately from the debtor, while it is bound by the judgment." To the same effect is Fox *v.* Railroad Co., 29 P. F. S., 66, and many other cases.

In this case the title of Rufus K. Hulett was conveyed to his wife, on the 12th of February, 1878, but the deed was not recorded until the 4th of April, 1881; the possession of the land was unchanged; it was continued, after the execution of the deed, just as it had been before. The mortgage was executed, on the 21st of January, 1881, and was recorded on the same day, and there is no evidence whatever, of any notice of the conveyance either actual or constructive, on part of the mortgagee.

As to the mortgagee, therefore, the deed was fraudulent and void, by the express terms of the Act of the 18th of March, 1775; as to him, the deed was, as if it had never been made.

On the 22d of May, 1883, Rufus K. Hulett and his wife joined in a conveyance of the land to their son, Gilbert E. Hulett; the mortgage was then a valid and subsisting lien on the land, and Gilbert E. Hulett took title under this deed subject to the incumbrance.

It is true, that the conveyance, upon its face, was of the title of Effie C. Hulett, but as the husband joined in the assertion and conveyance of the wife's title, the deed would be effective, as a conveyance of his own.

*Prima facie* at least, Gilbert E. Hulett was a terre tenant, and the mortgagee had a right to name him as such in the *scire*

[Shebel et al. v. Bryden.]

*facias.* It was competent, of course, for him to defend under the plea that the mortgage was not then, and never was a lien upon his land: Colwell *v.* Early, 2 Norris, 3. Under that plea he might have shown, that although the deed to his mother was not recorded, the mortgagee either had actual notice or was somehow affected with notice of it. But there is no such evidence in the case, nor was any offered.

Under the pleadings, the question was, whether or not the mortgage was, or ever had been, a lien upon the lands of Gilbert E. Hulett and Alice J. Patterson, as terre tenants. Prima facie, we say, they were terre tenants, but it was competent for them to show that they were not. The judgment on the *scire facias* is against them; as to the effect of this judgment in a subsequent ejectment for the land, we are not now called upon to decide. By all the cases, the defendants are certainly concluded as to all matters, which as terre tenants, they might have made matters of defence, on the *scire facias,* such as payment, release, or efflux of time: Schnepf's Appeal, 11 Wr. 37; Dengler *v.* Kiehner, 1 Harris, 37; but whether the judgment is conclusive, that they are terre tenants, is a question not raised upon the record, and it will be time enough to decide that when it arises.

The judgment is affirmed.