# Hanhauser *v.* Pennsylvania & New England Railroad Company, Appellant (No. 2).

*Judgment—Scire facias—Terre-tenant—Railroads—Contractors—Resolution of January* 21, 1843, *P. L.* 367—*Act of April* 4, 1862, *P. L.* 235.

Where a scire facias has been issued under the Act of April 4, 1862, P. L. 235, supplementary to the Resolution of January 21, 1843, P. L. 367, on a judgment in favor of a contractor against a railroad company, an affidavit of defense of the party sought to be brought in as a terre-tenant is sufficient to prevent judgment, which avers that such party "has never held and does not now hold any property, real or personal, which it derived either directly or indirectly from said defendant."

Argued March 26, 1908. Appeal, No. 74, Jan. T., 1908, by defendant, from order of C. P. No. 3, Phila. Co., March T., 1887, No. 147, making absolute rule for judgment for want of a sufficient affidavit of defense in case of George Hanhauser, Administrator of the Estate of James Clarke, deceased, v. Pennsylvania & New England Railroad Company. Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Reversed.

Scire facias to bring in terre-tenant.
Rule for judgment for want of a sufficient affidavit of defense.
The opinion of the Supreme Court states the case.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Alex. Simpson, Jr.,* with him *Wm. Y. C. Anderson* and *Wm. Jay Turner,* for appellant.—Judgment cannot be entered

against one summoned as terre-tenant, who denies that it has or ever has had property which was liable to be sold to pay that judgment: Chahoom v. Hollenback, 16 S. & R. 425; Buckby v. Sturtevant, 28 Pa. Superior Ct. 552; Colwell v. Easley, 83 Pa. 31; Hulett v. Mut. Life Ins. Co. 114 Pa. 142; Colborn v. Trimpey, 36 Pa. 463; Day v. Willy, 3 Brewster, 43; Kelley v. Place, 11 Pa. Dist. Rep. 608; Hart's App., 96 Pa. 355.

The judgment also is bad because the record fails to show that plaintiff is entitled to the protection provided by the resolution of 1843: Com. v. R. R. Co., 122 Pa. 306; Reed's App., 122 Pa. 565; Hart's App., 96 Pa. 355.

That our construction is correct is shown, moreover, by the practice in all the cases of claims under this resolution and act.

In Fox v. Seal, 89 U. S. 424; Tyrone & Clearfield Ry. Co. v. Jones, 79 Pa. 60; P. C. & St. L. Ry. Co. v. Marshall, 85 Pa. 187; Woods v. P. C. & St. L. Ry. Co., 99 Pa. 101.

*Chester N. Farr, Jr.*, with him *William C. Mayne* and *William A. Glasgow, Jr.*, for appellee.—The defense that the terre-tenant holds no property bound by the lien of the original judgment, under the law, as it stands at present, in Pennsylvania, cannot be raised: Haskins v. Low, 17 Pa. 64; Mitchell v. Hamilton, 8 Pa. 486; Catlin v. Robinson, 2 Watts, 373; Colwell v. Easley, 83 Pa. 31; Taylor's App., 93 Pa. 21; Davis v. Michener, 106 Pa. 395; Hunter's App., 40 Pa. 194; Artman v. Giles, 155 Pa. 409; Darrach v. Darrach, Troubat & Haly's Pr. sec. 801; Dowling v. McGregor, 91 Pa. 410; Stroud's App., 109 Pa. 326.

OPINION BY MR. JUSTICE BROWN, October 5, 1908:

On March 22, 1887, James Clarke, deceased, recovered judgment in the court below against the Pennsylvania & New England Railroad Company for $34,084. It is claimed by the appellee, his administrator, that this judgment comes within the protection of the resolution of January 21, 1843, P. L. 367, and the provisions of the supplement thereto of April 4, 1862, P. L. 235. There is some force in the position of appellant that, as the record fails to show that the judgment is within the protection of the resolution, it is not within the provisions

of the supplement; but it is not necessary for us to now pass upon this question, for a single averment of the appellant in its affidavit of defense clearly stands in the way of appellee's right to a summary judgment against it as a terre-tenant. After the Clarke judgment had been obtained various writs of scire facias were issued on it to bring in other railroad companies as terre-tenants, and against them judgments were entered. On November 24, 1905, this sci. fa. was issued, with notice to the appellant as a terre-tenant. In its affidavit of defense, deemed insufficient by the court below for no reason given, the laconic order, if intended for an opinion, being simply, "Rule absolute for judgment for want of a sufficient affidavit of defense," the first averment is: "Said Lehigh and New England Railroad Company has never held and does not now hold any property, real or personal, which it derived either directly or indirectly from said defendant." A reason given in the supplemental affidavit of defense why judgment should not be entered is: "Because at the time of the issuance of said scire facias or at any time before or since, the Lehigh and New England Railroad Company did not own or hold or claim to own or hold and had not in its possession any real or personal estate that was ever owned or held by the Pennsylvania and New England Railroad Company, the above named defendant, or upon which the judgment recited in the said scire facias was a lien."

The resolution of 1843 provides: "It shall not be lawful for any company incorporated by the laws of this commonwealth, and empowered to construct, make and manage any railroad, canal or other public internal improvement, while the debts and liabilities, or any part thereof incurred by the said company to contractors, laborers and workmen employed in the construction or repair of said improvement remain unpaid, to execute a general or partial assignment, conveyance, mortgage or other transfer, of the real or personal estate of the said company, so as to defeat, postpone, endanger or delay their said creditors, without the written assent of the said creditors first had and obtained; and any such assignment, conveyance, mortgage or transfer shall be deemed fraudulent, null and void, as against any such contractors, laborers and workmen, creditors as aforesaid." The supplement of 1862 is: "Whenever

any incorporated company, subject to the provisions of the above resolution, shall divest themselves of their real or personal estate, contrary to the provisions of the said resolution, it shall and may be lawful for any contractor, laborer or workman employed in the construction or repair of the improvements of said company, having obtained judgment against the said company, to issue a scire facias upon said judgment with notice to any person, or to any incorporated company claiming to hold or own said real or personal estate, to be served in the same manner as a summons upon the defendant, if it can be found in the county, and upon the person or persons, or incorporated company claiming to hold or own such real estate ; and if the defendant cannot be found, then upon the return of one nihil and service as aforesaid, on the person or persons, or company claiming to hold or own as aforesaid, the case to proceed as in other cases of scire facias on judgment against terre-tenants."

If this were a proceeding to continue the lien of an ordinary judgment against a purchaser from the defendant in it as terre-tenant, a plea such as this affidavit of defense must be regarded to be, would be good : Colburn v. Trimpey, 36 Pa. 463 ; Colwell v. Easley, 83 Pa. 31 ; Hulett v. Mutual Life Insurance Co., 114 Pa. 142. In Colwell v. Easley, Colwell, the defendant below, had been summoned as a terre-tenant. His plea was, " The judgment sought to be revived by scire facias is no lien on the lands of J. A. Colwell, and never was." In reversing the court below for striking this off, and in holding that the plea was good, we said, after reviewing the authorities : " We are warranted in saying that a plea, by one summoned as a terre-tenant, that his land was not and never had been bound by the judgment, would be good. . . . From the reasoning thus borrowed from our books we are led to conclude, 1. That when one is brought into court, who has had no connection with the debtor's title, he should be discharged either by nonsuit or a verdict in his favor, for he is not a terre-tenant ; he cannot be bound by the judgment and he ought not to have been summoned ; 2. If he has had connection with the debtor's title, though the lien of the judgment may not have attached at the time of his purchase by reason of its previous expiration, he may nevertheless be warned as a terre-tenant,

and may defend under the plea that the judgment is not, and never was, a lien upon his land. It follows that the court erred in striking out the second plea of the defendant."

But this is not the ordinary proceeding by scire facias against a terre-tenant. The writ is issued under the act of 1862, which provides who, and who only, may be summoned by it, namely, any person or any incorporated company claiming to hold or own the real or personal estate which belonged to the original defendant, and when such person or incorporated company is summoned into court, " the case proceeds as in other cases of scire facias on judgment against terre-tenants." Instead of claiming to hold or own any real estate that ever belonged to the Pennsylvania & New England Railroad Company, the averment is that the appellant " has never held and does not now hold any property, real or personal, which it derived either directly or indirectly from said defendant." This is certainly a defense under the act of 1862, and, if made out, the appellee may not have judgment against the appellant either de terris or de propriis as to costs. The averment may not be true, and on the trial the appellant may not be able to sustain it, but, for the present, we must assume it to be true, as there is nothing in the record conclusively showing that it is not.

Judgment reversed and procedendo awarded.