## Loughney, Receiver, v. Page

*Thomas F. Mount* and *J. W. Henderson*, for plaintiff.
*Wayne P. Rambo*, for defendant.

PARRY, J., June 17, 1935.—This case is before us on plaintiff's rule for judgment on the pleadings in ejectment.

From the plaintiff's declaration and abstract of title the following facts appear: On April 15, 1925, Elva Wendler was the registered owner of premises no. 1551 Champlost Street, Philadelphia, the property in controversy. On that date she conveyed it to Elmer B. Hampton who continued to be the record owner until September 28, 1929.

On September 7, 1928, the defendant, Charles H. Page, obtained a judgment against Paul Wendler, Jr., husband of Elva Wendler. In March, 1929, Page issued a writ of sci. fa. and an alias writ of sci. fa. to revive the judgment and served copies on Elmer B. Hampton, the registered owner. On April 24, 1929, he entered judgment against Paul Wendler, Jr., for want of an appearance upon two returns of nihil habet and against Elmer B. Hampton as terre-tenant for want of an affidavit of defense. Subsequently he issued writs of fi. fa. to condemn and venditioni exponas, under which the sheriff on June 2, 1930, sold the property as that of Paul Wendler, Jr., and executed a deed to the defendant, the purchaser at the sale, under date of June 16, 1930.

In the meanwhile, on August 7, 1929, one Domenic Anastasi obtained a judgment against Elmer B. Hampton

which was, on March 19, 1930, marked to the use of the Mt. Airy National Bank and Trust Company. On July 7, 1930, after appropriate procedure the property was sold by the sheriff as that of Elmer B. Hampton to the Mt. Airy bank, which received the sheriff's deed therefor dated July 14, 1930. The plaintiff is the receiver of the Mt. Airy bank and claims the property under the sheriff's deed just mentioned.

The plaintiff's declaration contains an averment, denied in the affidavit of defense, that Paul Wendler, Jr., had no interest in the property. To this extent an issue of fact is raised by the pleadings. The plaintiff's rule apparently disregarded this and chose to treat the case as involving only a question of law. This inconsistency was pointed out by the court whereupon counsel agreed that Wendler's interest should be taken as conceded and the court should dispose of the case by entering judgment either for the plaintiff or the defendant.

We begin then with the assumption that Paul Wendler, Jr., was the real owner of the property and Elva Wendler and Elmer B. Hampton were mere dry trustees for him. The defendant by his judgment of September 7, 1928, acquired no lien on the property held by Hampton, nor did he acquire one by reviving the judgment, serving Hampton as terre-tenant and taking judgment against him for want of an affidavit of defense for Hampton was not a terre-tenant; he held title long before the defendant's judgment was entered: Hulett et al. v. Mutual Life Ins. Co. of N. Y., 114 Pa. 142; Handel and Hayden B. & L. Assn. v. Elleford et al., 258 Pa. 143. Those proceedings therefore amounted to nothing and must be disregarded.

Because of the Act of June 4, 1901, P. L. 425, sec. 1, the plaintiff's predecessor did acquire a lien on August 7, 1929, but before he exposed the property for sale the defendant sold it at judicial sale as Paul Wendler's, after due advertisement and issuance of the appropriate writs. The procedure he followed was sufficient to bind the property and pass the interest of Paul Wendler, Jr., to the pur-

chaser, whether he previously had a lien upon it or not. That sale discharged the plaintiff's judgment lien. As Paul Wendler, Jr., held the entire interest in the property there was nothing left for the sheriff to sell at the second sale and the plaintiff as purchaser took nothing. He is not now protected by the Act of 1901, supra, providing that purchase money resulting trusts shall be void as to lien creditors of the trustee. By that act a judgment creditor of the trustee without notice of the trust acquires a lien against the property, which he did not before the act: Rochester Trust Co. v. White, 243 Pa. 469; and if he proceeds to sale the purchaser takes the land free of the trust. But if he does not proceed to sale a judicial sale of the interest of the cestui que trust discharges the lien and leaves nothing out of which the former lien holder can satisfy his judgment. The plaintiff here is exactly in the position of any judgment lien holder who lets the property be sold on a junior lien.

Judgment in ejectment is therefore entered in favor of the defendant and against the plaintiff.