## Clippinger, to use, v. Saltzgiver, Admx., et al.

28

*Solomon Hurwitz* and *Macey E. Klein*, for plaintiff.
*Henry E. Harner*, for defendants.

Fox, J., February 7, 1940.—We have before us a rule, granted upon a motion, to show cause why the judgment entered in the above case should not be struck off; all proceedings to stay meanwhile.

The history of the case is that J. C. Saltzgiver, defendant Saltzgiver's decedent, during his lifetime made a contract to convey certain real estate to John N. Hall and Miriam B. Hall, the other defendant; on December 16, 1938, our orphans' court made a decree of specific performance of said sale to the Halls and directed the administratrix c. t. a. of the estate of the said J. C. Saltzgiver to convey title to said premises to them; on March 22, 1939, plaintiff above named issued a summons in assumpsit against the above-mentioned administratrix and the Halls, and directed that the suit be indexed in the judgment index in accordance with the provisions of the Fiduciaries Act of June 7, 1917, P. L. 447, as amended. The summons in assumpsit was served upon the administratrix and upon the Halls and on June 9, 1939, plaintiff filed his statement of claim, for goods sold and delivered, setting forth his cause of action against the administratrix c. t. a., and recited therein that the Halls were the terre-tenants and present owners of premises 223 North Second Street, Harrisburg, of which the said J. C. Saltzgiver died seized; on June 23, 1939, the administratrix filed in this court a motion to strike off plaintiff's statement of claim for failure to allege whether or not the contract upon which the suit was brought was oral or written; on June 30, 1939, a stipulation was entered into and signed by the attorney for plaintiff and by

H. L. Wickey Beck, attorney for the administratrix, and by Henry E. Harner, attorney for the Halls, to the effect that plaintiff's statement of claim may be amended to include such an allegation as set forth in said stipulation containing the amendment; on July 13, 1939, the administratrix presented a petition for a rule upon plaintiff to show cause why he should not file a more specific statement of claim. The rule was issued and the court added therein: "All proceedings to stay meanwhile." The rule was returnable in 10 days, but 15 days after the rule was entered plaintiff filed an amended statement of claim, which was served; on July 17, 1939, plaintiff gave notice to the above-named defendants that, unless an affidavit of defense were filed within five days from that date, he would take judgment for default of an answer. The attorney for the Halls on July 18, 1939, wrote to Mr. Hurwitz, attorney for plaintiff, objecting to his taking judgment in view of the outstanding rule issued by the court on July 13, 1939, to wit: "All proceedings to stay meanwhile"; on July 25, 1939, plaintiff entered a judgment against defendants, the said Halls, in the sum of $1,209.33 for failure to file an affidavit of defense. Whereupon the Halls petitioned the court to grant a rule on plaintiff to show cause why the said judgment should not be stricken off and a rule was issued by the court on July 28, 1939, to that effect. H. L. Wickey Beck, on October 18, 1939, withdrew as counsel for the administratrix aforesaid, and the said Henry E. Harner then acted for all of the defendants; on November 13, 1939, an amended statement of claim was filed; on November 24, 1939, the administratrix filed a petition for a rule to show cause why a more particular statement of claim should not be filed, which rule was granted, and embraced a stay as follows: "All proceedings to stay meanwhile, returnable in ten days"; and on January 29, 1940, plaintiff filed his amended statement of claim.

The matter now before us is the motion to strike off the judgment upon which a rule had been issued on July

28th and answer filed thereto by plaintiff on August 8, 1939. This rule has never been disposed of.

The parties filed a stipulation on June 30, 1939, that the statement might be amended in certain manner, to wit:

"At the special instance and request of J. C. Saltzgiver, Willis W. Clippinger sold and delivered to the said J. C. Saltzgiver certain picture frame mouldings, glass and other materials relative thereto, in the amounts and the kinds, and for the prices set forth in a true and correct copy of the book account taken from the book of original entry, which copy is hereto attached, made a part hereof, and marked exhibit 'A'. Said contracts of sale were oral."

Plaintiff obviously did not regard this stipulation as his amendment, for the reason that on November 13, 1939, without any further rule or direction by the court, he filed an amended statement of claim; defendant, the administratrix, on November 24th filed a petition setting forth the defects in plaintiff's last statement, upon which the court granted a rule upon plaintiff to show cause why he should not file a more specific statement of claim, "All proceedings to stay meanwhile," and on January 29, 1940, plaintiff filed another amended statement.

We are of opinion that he was not entitled to take judgment until he had filed his complete and final statement of claim.

There is another reason, we think, why he is not entitled to take judgment as to the said Halls, to wit, they are named as terre-tenants and as such they have no knowledge of the validity of the book entries as set forth in plaintiff's amended statement, and would not be in a position to file an affidavit of defense. Administrators and executors before the Practice Act of May 14, 1915, P. L. 483, were not required to file affidavits of defense, for the reason that they have no knowledge of the facts alleged, and by analogy, we think terre-tenants should not be compelled to do so.

There is no statute or rule requiring terre-tenants to file an affidavit of defense. In 2 Johnson on Practice in Penna., at page 255, it is said: "The *terre*-tenant is not required to file an affidavit of defense. He may plead that he is not a *terre*-tenant of the defendant and that he holds no lands upon which the judgment is a lien. Only the *terre*-tenant can make the plea that the land is discharged from the lien. The services of the sci. fa. on the *terre*-tenant will keep the lien alive without service on the legal representative of the original defendant."

In the case of Kelley & Co. v. Place et al., 26 Pa. C. C. 120, it is said:

"This is an application for a judgment against Jacob Place, as terre-tenant of Judson J. Place, the defendant, for want of a sufficient affidavit of defence, he having filed an affidavit of defence. It must be remembered that a judgment against a terre-tenant is not against him personally. It is not a judgment that the terre-tenant owes a certain amount of money to the plaintiff. It is a judgment against specific lands, owned or held by the terre-tenant, or, in other words, that the plaintiff, after exhausting the property of the defendant, may sell upon execution certain lands of the terre-tenant upon which the judgment is a lien. The terre-tenant has nothing to do with the merits of the claim of the plaintiff against the defendant. His only concern is whether he owns land upon which the judgment is a lien. I am not aware of any court that has ever held that it is necessary for the terre-tenant to file an affidavit of defence to prevent judgment being rendered against lands held by him. The only thing he is required to do is to put in his plea that he is not a terre-tenant of the defendant; or that he holds, owns or possesses no land upon which the judgment is a lien. It is then incumbent upon the plaintiff to establish to the satisfaction of a jury that the person served as terre-tenant has lands upon which his judgment is a lien, and to show what lands. As no affidavit of defence is neces-

sary to be filed by the person summoned as terre-tenant, it follows that this rule must be discharged."

In the case of Duggan v. Strange, 40 Pa. C. C. 425, 426, the court in a lengthy opinion, inter alia, said:

"We are of opinion that the plaintiffs were not entitled to judgment against any of the parties for want of an affidavit of defence. It has been held that the defence of a terre tenant is to be entered by plea and not by affidavit. Kelley v. Place, 26 Pa. C. C. 120. And in connection with that case attention may be called to portions of the opinion in Hanhauser v. Penna. & New England R. R. Co., 222 Pa. 244. It has been held also that two nihils do not authorize a judgment for want of an affidavit of defence, although judgment thereon may be taken for want of an appearance. Miner v. Graham, 24 Pa. 491."

In the case of Salberg v. Duffee et al., 21 D. & C. 144, Baird, P. J., said:

"As no affidavit of defense seems to be required of a terre-tenant, it is unnecessary to consider the grounds upon which the plaintiff's motion for judgment is based. It is not necessary for a terre-tenant to file an affidavit of defense to prevent judgment being rendered against lands held by him. The only thing he is required to do is to put in his plea that he is not a terre-tenant of the defendant, or that he holds, owns, or possesses no land upon which the judgment is a lien. And, if he does file an affidavit of defense, a rule for judgment for want of a sufficient affidavit of defense will be discharged: Kelley & Co. v. Place, 11 Dist. R. 608; Duggan v. Strange, 22 Dist. R. 638. Although these are lower court cases and are not therefore controlling, we have made an independent search of the law and have reached the same conclusion. There is neither statute nor rule of court requiring an affidavit of defense by a terre-tenant, and, none being required, it follows that judgment against Theodore H. Duffee, as terre-tenant, cannot be taken for want of a sufficient affidavit."

See also Hanhauser v. Pennsylvania & New England R. R. Co. (No. 2), 222 Pa. 244, and 3 Troubat & Haly's Practice (6th ed.) pp. 2573, 2574, wherein the method of bringing in the terre-tenant is quite fully set forth.

We are of opinion that plaintiff is not entitled to the judgment entered against the terre-tenants for the reasons: (1) That plaintiff violated the stay of all proceedings directed by the court on July 13, 1939, which said rule was never terminated; (2) plaintiff had not completed his pleadings until January 29, 1940; and (3) that the terre-tenants in such a case as the instant one were not bound to file an affidavit of defense.

And now, February 7, 1940, upon due consideration, the motion to strike off the judgment is sustained, the rule granted thereon is made absolute, and the judgment is stricken off.