## Drum *versus* Kelly.

A judgment on a *scire facias quare executio non*, against one, whose interest in the land was not bound by the lien of the judgment, although summoned as a *terre tenant*, will not preclude such party from setting up his adverse title, in an ejectment brought by the sheriff's vendee.

Mitchell *v.* Hamilton, 8 *Barr* 486, affirmed.

ERROR to the Common Pleas of *Indiana county*.

This was an ejectment by Augustus Drum against Elizabeth Kelly, for the one-half of lot No. 17, in the borough of Blairsville. The facts of the case are fully stated in the following charge to the jury, delivered on the trial of the cause, in the court below, by BUFFINGTON, P. J.:—

"This is an action of ejectment for the one-half of lot No. 17, in the borough of Blairsville. The plaintiff seeks to recover by virtue of a sheriff's sale made to him, as the property of John Brown. It appears in evidence, that prior to the 4th of February 1853, John Brown was the owner of the premises, and on that day, executed a deed to Elizabeth Kelly, the defendant, for the consideration of $327, part of which was paid and the balance secured. That deed was recorded on the 27th December 1853. On the 21st February 1853, a transcript of a judgment in favour of the plaintiff against Brown, for $26.18, was filed and docketed in the Common Pleas of Indiana county, on which a *sci. fa.* issued to September Term 1853. On the 28th of July, the writ was served on Elizabeth Kelly, *terre tenant*, and *nihil* as to Brown. An

[Drum *v.* Kelly.]

*alias* was issued to December Term, with notice to *terre tenant*, which was returned *nihil* as to Brown.  And, on the 30th of December 1853, a judgment was taken by default for want of an appearance.  On that judgment a *fi. fa.* was issued to December Term 1854, and levied on the premises in dispute, and on a *vend. ex.* to March Term 1855, was sold to the plaintiff, and a deed made by the sheriff.

" The question from these facts is, whether the plaintiff has any title under the sheriff's deed.  The deed from Brown to the defendant is seventeen days prior to the entry of the plaintiff's judgment.  There is no allegation that the sale was fraudulent. At the time plaintiff's judgment was entered, Brown had no interest whatever in the property.  Elizabeth Kelly, though summoned as a *terre tenant*, was not such in fact, as the land at the date of her deed was not bound by the debt or judgment.  She was, however, summoned, and upon that and two *nihils* against the defendant, judgment by default was entered; and the plaintiff contends that she is now concluded and estopped, inasmuch as she did not avail herself of her defence on an appearance and plea to the *sci. fa.*  This is the only question in the cause.

" The decisions of the Supreme Court on this point are quite irreconcilable.  In Himes *v.* Jacobs, 1 *Penn. Rep.* 152, it is ruled that where a *terre tenant* has been summoned, even although the land was discharged of the lien, yet if he failed to avail himself of that defence on the *sci. fa.* he was concluded.  In Kiehner *v.* Dengler, 1 *Watts* 424, a case very similar to the present, the court ruled the same principle, and decided that the tenant was estopped.  The same case was again taken to the Supreme Court, 1 *Harris* 38, and the former case overruled.  In the last case, GIBSON, C. J., says : ' The creditor must at least have a *primâ facie* case ; he must show that he whom he calls a *terre tenant*, actually stood in the relation of one, else there will not have been such privity between them, as would estop the latter by the judgment.'  In Minier *v.* Saltmarsh, 5 *Watts* 293, KENNEDY, J., in a very elaborate opinion, affirms the doctrine in Himes *v.* Jacobs, and the first case of Kiehner *v.* Dengler, and rules that the *terre tenant* is estopped.  But in Mitchell *v.* Hamilton, 8 *Barr* 486, in an opinion equally elaborate and carefully considered, GIBSON, C. J., overrules in terms the case of Minier *v.* Saltmarsh, and affirms the same doctrine afterwards recognised in the last case of Kiehner *v.* Dengler.  In Helfrich's Appeal, 3 *Harris* 382, the principle in the case of Mitchell *v.* Hamilton is again recognised. The later and more carefully considered cases seem, therefore, to establish the doctrine fully that the mere circumstance that a person is summoned as a *terre tenant* in a *sci. fa.*, who, in point of fact, is not such, is not estopped by a judgment had on the *sci. fa.*

[Drum v. Kelly.]

"In the present case, Elizabeth Kelly was not a *terre tenant*. The deed was before the judgment. Her failure to appear, on being summoned, and plead that defence, did not subject the premises in her hands to levy and sale, and she is not estopped now of availing herself of that defence. It follows, of course, that the verdict must be for the defendant."

To this charge the plaintiff excepted; and a verdict and judgment having been rendered for the defendant, the plaintiff sued out this writ, and here assigned the same for error.

*W. A. Todd*, for the plaintiff in error, cited Catlin *v.* Robinson, 2 *Watts* 379; Kiehner *v.* Dengler, 1 *Id.* 424; Minier *v.* Saltmarsh, 5 *Id.* 293.

*Banks*, for the defendant in error, cited Coyle *v.* Reynolds, 7 *S. & R.* 329, 330; Dengler *v.* Kiehner, 1 *Harris* 38; Mitchell *v.* Hamilton, 8 *Barr* 486; Helfrich's Appeal, 3 *Id.* 382.

The opinion of the court was delivered by

WOODWARD, J.—We approve of the conclusion which the learned judge deduced from the conflicting authorities on the point in judgment. Drum's judgment never bound the land which Brown conveyed to Mrs. Kelly, and, therefore, she was not, according to the better authorities, concluded by the two writs of *scire facias* served on her as *terre tenant*.

Referring ourselves to the reasons and authorities of the court below, we affirm the judgment.

Judgment affirmed.