## Simon Gibbs, Almira F. Gibbs, Appellants, *v.* Nancy B. Tiffany, Wm. B. Tiffany and Julia A. Tiffany.

*Husband and wife—Tenancy per my et per tout—Estoppel.*

Where husband and wife are seized of land per my et per tout the wife is not estopped by reason of an alleged arrangement made by the husband to induce a purchase of the property at a sheriff's sale on a judgment which was not a lien against the property, there being no evidence of her presence at the interview or of any knowledge of it by her, or of any authority by her given to her husband to act for her in the premises.

*Ejectment—When adverse title may be set up by alleged terre-tenants.*

A judgment on a scire facias quare executionem non against one whose interest in the land was not bound by the lien of the judgment, although summoned as a terre-tenant will not preclude such party from setting up his adverse title in an ejectment brought by the sheriff's vendee.

Argued Jan. 19, 1897. Appeal, No. 37, Jan. T., 1897, by plaintiffs, from judgment of C. P. Bradford Co., Sept. T., 1890, No. 241, on verdict for defendants. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Reversed.

Ejectment for lot in the borough of Athens. Before DUNHAM, P. J.

The facts are sufficiently disclosed from the charge of the court, which is in part as follows:

The plaintiffs in this case have brought an action of eject-

ment for a certain lot in the borough of Athens in this county, described in the writ of ejectment and designated as lot No. 11, and in support of their title they have shown, first, by the admissions of the plaintiffs, and the defendants, that John M. Pike was at one time the owner of that piece of land. They have produced a contract which has been given in evidence here, by which Mr. Pike agreed to sell to Mr. Gibbs lot No. 11, for the consideration of two hundred dollars. They have given evidence here showing that upon that contract there were indorsements made of payments, which the witness on the stand has testified to, and said that they were made about the date that the receipts bear, by which, if you believe the evidence, it is established that this land was paid for in full on the 19th day of January, 1883. They have also given in evidence a deed dated July 31, 1884, by which John M. Pike deeded lot No. 10 and lot No. 11 (lot No. 11 being the one in controversy), to Simon Gibbs and Almira F. Gibbs. This would make a perfect title in the plaintiffs in this case to lot No. 11, if there were no other question in the case, and establishes the plaintiffs' claim prima facie.

On the part of the defendants they have given in evidence a judgment against John M. Pike and C. W. Canfield, which was entered December 3, 1883, in favor of Grant and DeWaters of Elmira, N. Y. They have also given in evidence a scire facias upon that judgment, which is a proceeding to revive the judgment, upon which notice to Simon Gibbs and Almira F. Gibbs, as terre-tenants, was served upon them by the sheriff, and judgment was taken under the rules of court, for want of appearance, against the defendants in that judgment, John M. Pike and C. W. Canfield, and also judgment against the terre-tenants, Simon Gibbs and Almira F. Gibbs.

Some questions have been raised in this case as to the regularity of that judgment. That the judgment was not entered according to the act of assembly and the proper practice, there is no doubt, but we think that under the circumstances, there having been a sale of this property and the deed acknowledged without objections on the part of anyone, this revival of judgment against Pike and against Simon Gibbs and Almira F. Gibbs, as terre-tenants, revived the judgment so that it was a lien against the lands the same as the original judgment was. What-

ever the original judgment was a lien against, the revival of the
judgment was a lien against, and we think that the authorities
that have been cited and commented upon in this case by the
counsel upon both sides establish the proposition of law that
the revival of a judgment against a terre-tenant who has been
served with notice is binding upon the terre-tenant to the extent
of establishing exactly the same judgment and the same lien
that the original judgment held and bound.  In other words,
that when a person is summoned as a terre-tenant, it is his duty
to come into court and show everything that has occurred since
the rendition of the original judgment, either in the shape of
the payment or release of that judgment or any other thing that
would take his lands out from under the lien of the original
judgment, and he is bound to show those things upon the scire
facias to revive.  But the entry of a judgment to revive against
a terre-tenant does not revive the original judgment or make it
a lien to any greater extent against the terre-tenant than the
original judgment was, and it is only revived as against the
interest of the defendants in the real estate which the first orig-
inal judgment bound.  So that when this judgment was revived
against John M. Pike and C. W. Canfield, and Simon Gibbs
and Almira F. Gibbs, as terre-tenants, it bound exactly the
same thing and exactly the same interest of these terre-tenants
which was bound by the original judgment when it was entered.
If lot No. 11 had been bought by articles of agreement and
paid for before the original judgment against Pike and Can-
field was entered, then the original judgment was not a lien
against lot No. 11, because the only interest that John M. Pike
had in the real estate which he had contracted to sell to Simon
Gibbs was the legal title which he held, and he held that in
trust for his vendee, under the articles of agreement, to convey
to that vendee whenever the vendee had complied with the
terms of the contract, and if he had complied with the terms of
the contract as to lot No. 11, then Pike had no interest in lot
No. 11, and his judgment would not be a lien against it.  So
that if you find that Mr. Canfield testified truly when he said
that the contract was paid in full January 19, 1883, then the
judgment that was entered by Grant and DeWaters against
Pike and Canfield, and Simon Gibbs and Almira F. Gibbs, as
terre-tenants, would not be a lien upon, and they could not sell,
lot No. 11 in that way.

But there is another thing that comes into this case, which has been testified to upon the part of the defendants by Mr. Maynard, and that is, at the time the sheriff's sale was made of the real estate of Mr. and Mrs. Gibbs an arrangement was made between Mr. Gibbs for himself, at least, with Mr. Tiffany, by which Mr. Tiffany was to buy that property and pay the debts not only of Mr. Gibbs but of Mr. Gibbs and wife, and to hold the property in trust for Mr. Gibbs until Mr. Tiffany had been repaid the amount that he had advanced or was compelled to pay, and they claim that that estops Mr. Gibbs from setting up the want of regularity and the want of lien as against Mr. Tiffany, the purchaser at sheriff's sale. On the other hand it is claimed by the plaintiffs in this case, that by this conveyance of land to Mr. and Mrs. Gibbs each one of them was not only seized of each and every part of the land, but that they were seized in such a way that upon the death of one the whole title went to the other. That they were seized of each and every part of it per my et per tout. That they were tenants in such a way that at the death of one the whole estate would survive to the other, and the purchaser of the right of one of these tenants would only get the right of that tenant during life, and that if he or she died before the other then the purchaser of that interest would get no interest whatever. But we say to you that if these plaintiffs were in possession and these defendants were attempting to obtain possession of the lands under that sheriff's sale, that they could not be allowed to obtain possession, because the judgment was not a lien against them. [But in this case they are seeking the offices of the court to compel these defendants to yield to them the possession of lands which, if the evidence in this case is believed, they induced the defendants to purchase, and we say to you that you could not give a judgment which would allow one of these plaintiffs, Mrs. Almira F. Gibbs, to come in and obtain possession without also allowing Simon Gibbs, the other plaintiff, to come in and have possession, the same as his cotenant; and if you believe the evidence of the defendants, that there was such an arrangement made at the time of this sale, you would be justified in saying that at the time this summons in this case was issued the plaintiffs were not entitled to recover, not having repaid to the defendants the amount of purchase money which they had

induced the defendants to pay for them.] [4] We say to you that if you find that there was no such arrangement made, and that this property was paid for before the entry of the original judgment, you should find for the plaintiffs the land in controversy. [If, on the other hand, you find that the property was paid for before the judgment was entered, but that at the time the sheriff's sale was made there was that arrangement between Mr. Gibbs, one of the plaintiffs, for himself and for his wife, and he secured the debts of himself and wife to be paid in that manner, then he would be estopped from setting up the want of lien of this judgment upon the land, and then you should find for the defendants.] [5]

We have been requested by the counsel for the plaintiffs to charge you that under the evidence the verdict must be for the plaintiffs. This we refuse, and leave it to you, under the evidence.

We have also been requested by the counsel for the defendants to charge you that under the evidence in the case your verdict should be for the defendants. That we also decline, and leave it to you, under the general instructions that we have already given you.

Verdict and judgment for defendants. Plaintiffs appealed. ·

*Errors assigned* were (1) in admitting in evidence transcript of judgment dated December 3, 1883,— Grant et al. v. Pike et al. from the docket of justice of the peace, which was objected to on the ground that the judgment offered was long after the land was sold and paid for by the plaintiffs in this case; (2) in admitting the following offer of evidence, the witness H. F. Maynard, being on the stand: Mr. Evans: We offer to prove by the witness on the stand that he was present at an arrangement between W. B. Tiffany, the original defendant in this case, on the one side, and Simon Gibbs and Almira Gibbs, his wife, the plaintiffs in this case, by which arrangement Mr. Tiffany was induced by Mr. Gibbs and wife to purchase the land in question at the sheriff's sale, which has been given in evidence in this case, for the purpose of showing that the plaintiffs in this case are estopped from denying the title of the defendants in this case to the land in question. (Witness examined as to the admissibility of his evidence by permission of court); (3) in

refusing plaintiffs' point asking for binding instructions for the plaintiffs; (4, 5) to portions of the judge's charge, reciting same.

*J. C. Ingham*, with him *D'A. Overton*, for appellants.—On a conveyance of a husband and wife as tenants in common both become seized of the entirety, and on the death of either the whole estate goes to the survivor, irrespective of the intention of the parties to the conveyances: Bramberry's Estate, 156 Pa. 628.

There is not a scintilla of evidence to justify the portion of the judge's charge assigned for error in the fourth assignment, and it was, therefore, error to submit that question to the jury. If authority is needed see Whitehill v. Wilson, 3 P. & W., 405, and Thompson v. McGaw, 2 Watts, 161, down to the latest decisions when the question has arisen.

Where husband and wife hold by entireties, a purchaser at sheriff's sale of the husband's interest is not entitled to possession against the wife: McCurdy v. Canning, 64 Pa. 39.

At the time the DeWaters' judgment was entered the plaintiffs were in actual, open and notorious possession of the lot and had paid for lot No. 11 in full. This was equivalent to deed on record: White v. Patterson, 139 Pa. 429.

The revival of a judgment against one as terre-tenant, even when he is an actual terre-tenant, cannot make its lien any more binding and extensive than it was against the same land in the hands of the defendants in the judgment: Drum v. Kelly, 34 Pa. 415; Dengler v. Kiehner, 13 Pa. 38.

*H. F. Maynard*, with him *I. N. Evans*, for appellees.—The records established such privity of relation as warranted the creditor in citing Gibbs as terre-tenant: Colwell v. Easley, 83 Pa. 31; Colburn v. Trimpey, 36 Pa. 465.

The appellants being terre-tenants they are now estopped from setting up unrecorded articles of agreement to the prejudice of the purchaser at sheriff's sale: Meehan v. Williams, 48 Pa. 238.

The law is well settled that a married woman is responsible for her representation and conduct. In the present case the wife takes the money, or what is the same thing, uses it to pay

her debts without exception: Wilson v. Howser, 12 Pa. 116;
1 Story's Eq., sec. 386; Jobe v. Hunter, 165 Pa. 5.

There is nothing in the evidence of Maynard of a confidential nature between himself and Gibbs, but the whole talk was in the presence of Tiffany at the request of Gibbs: Beeson .v. Beeson, 9 Pa. 279.

OPINION BY WILLARD, J., February 16, 1897:

This was an action of ejectment by Simon Gibbs and Almira F. Gibbs, his wife, to recover the possession of a lot of land designated as lot No. 11 on a plot or subdivision of land in the borough of Athens in the county of Bradford. The lot was purchased by Simon Gibbs on October 11, 1878, from John M. Pike by articles of agreement, the purchase money being fully paid on January 19, 1883. On December 3, 1883, judgment was entered in the court of common pleas of Bradford county against Pike in favor of Grant and DeWaters. Subsequently a writ of scire facias was issued on this judgment against Pike as defendant and Simon Gibbs and Almira F. Gibbs as terre-tenants, and duly served. On January 9, 1889, judgment was entered on the scire facias against all the defendants for want of appearance.

How did this judgment affect lot No. 11? When the original judgment was entered against Pike he had no interest in the land. He had sold it and received his pay in full. He owed a duty to his vendee of executing and delivering a deed as he had agreed to do, but the judgment did not attach to the duty unperformed so as to make it a lien upon the land. It is true that Gibbs and wife did not receive their deed until July 31, 1884, but when the judgment was entered against Pike they were in full possession, living upon the lot with articles of agreement with purchase money fully paid thereon. Their possession was sufficient notice for the protection of the title, and the plaintiffs in the judgment and the subsequent purchaser at sheriff's sale were bound by the notice as completely as though their deed had been recorded at the time: Rowe v. Ream, 105 Pa. 543; Hottenstein v. Lerch, 104 Pa. 454; White v. Patterson, 139 Pa. 429.

Gibbs and his wife were not terre-tenants. The defendant Pike, from whom they purchased, must have had some interest

in the land at the time of the entry of the original judgment to make them such. He had none. Therefore the judgment was never a lien upon the land and the judgment against them as terre-tenants did not make it a lien. They are not estopped by the judgment from claiming title against the purchaser at sheriff's sale thereunder: Mitchell v. Hamilton, 8 Pa. 486; Dengler v. Kiehner, 13 Pa. 38; Helfrich's Appeal, 15 Pa. 382; Drum v. Kelly, 34 Pa. 415.

It follows that the sheriff's sale of December 5, 1889, under the judgment passed no title to the property to W. B. Tiffany, and the trial judge substantially so instructed the jury. The deed from John M. Pike was made to Simon Gibbs and Almira F. Gibbs, and so recorded on September 30, 1885. By this conveyance they became vested with the title as tenants by entireties. It is claimed that the appellants are both estopped by their acts and conduct from questioning or denying the title obtained by Tiffany at the sheriff's sale.

The evidence shows that on the day of the sheriff's sale Simon Gibbs met W. B. Tiffany in the office of Mr. Maynard, who appears to have been acting as attorney for both parties at the time. The object of this meeting was primarily for the purpose of raising the sum of sixty-two dollars ($62.00), the balance of the purchase money owing by Gibbs on the contract with Pike for lot No. 10. After an inspection of the record by the two parties and ascertaining the amount of judgments and mortgages against the property, Tiffany refused to advance the amount requested. Afterwards, it was arranged that Tiffany should bid off the property in his own name subject to some future agreement to be entered into at a meeting between Gibbs and Tiffany in the office of Mr. Maynard, the attorney, which subsequent meeting for that purpose, the evidence shows never took place. The allegation that Simon Gibbs induced Tiffany to purchase the property rests upon a very slender foundation under the evidence. It is true that Tiffany bought the property at sheriff's sale for the consideration of fifteen hundred and ten dollars ($1,510), which amount of money was applied by operation of law to the payment of mortgages and judgments against Simon Gibbs and his wife. From a careful consideration of the testimony in the case, there is absolutely no evidence that Almira F. Gibbs was present at the meeting

between her husband and Tiffany, or that she knew anything that transpired between them. Nor is there any evidence that Simon Gibbs was acting by her authority, knowledge or consent. The learned trial judge instructed the jury that if the evidence was to be believed Simon Gibbs and Almira F. Gibbs both induced Tiffany to purchase the property at sheriff's sale. The jury were further instructed as follows : " If you believe the evidence of the defendants, that there was such an arrangement made at the time of this sale, you would be justified in saying that at the time the summons in this case was issued, the plaintiffs were not entitled to recover, not having repaid to the defendants the amount of purchase money which they had induced the defendants to pay for them." By this language the jury were instructed that there was evidence that Almira F. Gibbs induced Tiffany to purchase the property and they might have been misled as to the conduct of Mrs. Gibbs. As there was no evidence, as before stated, that Mrs. Gibbs took any part in the transaction or had any knowledge of it, the instruction was erroneous.

Almira F. Gibbs had joined in executing two mortgages with her husband upon lots Nos. 10 and 11. The two lots were sold on the judgment against Pike in which Gibbs and wife were named as terre-tenants. They were terre-tenants as to lot No. 10, but not as to lot No. 11. When the scire facias was issued and served upon them as terre-tenants, there was unpaid purchase money due Pike on the contract for lot No. 10, but not on lot No. 11. The sheriff's sale conveyed a good title to Tiffany to lot No. 10, but no title as to lot No. 11. The fact that the money derived from the sheriff's sale was used in payment of liens in their order as they stood upon the record, some of which were against Almira F. Gibbs, did not estop her from questioning the title under the sheriff's sale to lot No. 11. The property was not sold by virtue of executions issued upon judgments obtained upon the mortgages, but upon a judgment which never was a lien upon lot No. 11. The mere application of the moneys in court to the payment of debts created by mortgages in which she was joined as a party with her husband, does not estop her from asserting title to her own property which did not pass by the sheriff's sale. Tiffany, the sheriff's vendee, had full notice of her title, and if he was misled it was no fault of Mrs. Gibbs.

The judgment of Grant and DeWaters against John M. Pike et al., was properly admitted, and its effect and the sheriff's sale thereunder, as explained by the court, did the appellants no harm. The admission of the testimony of H. F. Maynard under the offer as made was unobjectionable and was properly admitted. The first and second assignments of error are overruled; the third, fourth and fifth are sustained.

The judgment is reversed and a venire facias de novo awarded.