Simon Gibbs and Elmira F. Gibbs *v.* Mary B. Tiffany, W. B. Tiffany and Julia A. Tiffany, Appellants.

*Husband and wife—Tenancy—Per my et per tout—Estoppel.*

Where husband and wife are seized of land per my et per tout the wife is not estopped by reason of an alleged arrangement made by the husband to induce a purchase of the property at a sheriff's sale on a judgment

which was not a lien against the property, there being no evidence of her presence at the interview or of any knowledge of it by her, or of any authority by her given to her husband to act for her in the premises.

*Ejectment—Married woman—Estoppel.*

The interest of a married woman in real estate cannot be divested except in the mode pointed out by statute and she cannot be estopped by acts and declarations which in the case of a feme sole might operate as an estoppel.

Argued Jan. 17, 1899. Appeal, No. 41, Jan. T., 1899, by defendants, from judgment of C. P. Bradford Co., Sept. T., 1890, No. 241, on verdict in favor of plaintiffs in ejectment. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed.

Ejectment. Before LYNCH, J., of the 11th judicial district, specially presiding.

The facts of the case sufficiently appear by reference to the report of the case when before the Superior Court on appeal, 4 Pa. Superior Ct. 29, and in the charge of the court below, as follows :

On the 11th of October, 1878, J. M. Pike entered into a written agreement with Simon Gibbs, by which he agreed to sell Gibbs lot No. 11 in the borough of Athens (it is not necessary to go into the full details where it is at this time), for a consideration of $200, $10.00 to be paid down according to the terms of the agreement, by Mr. Gibbs, and $5.00 monthly until the balance and interest were paid. The last payment, as we find it on that agreement, was made January 19, 1883, $8.76 in full of all payments on that contract. According to the evidence in the case Mr. Gibbs took possession of the property within a few days after the agreement was entered into, and erected a small house and lived upon the place.

Some time after he purchased the adjoining lot No. 10 of the same person, Mr. Pike. He erected another house upon that lot, where he afterwards lived.

On the 3d of December, 1883, Grant & DeWaters caused a judgment to be entered in this Court against Mr. John M. Pike, and that judgment was a lien upon any land that Mr. Pike then owned. You will remember that one of the articles of agreement with Pike, Gibbs had paid the consideration in full on

the 19th of January, 1883, before the judgment in favor of Grant & DeWaters was entered in this Court. Scire facias to revive the Grant & DeWaters judgment and continue the lien thereof, was properly issued before the five years had expired, and Mr. and Mrs. Gibbs were notified as terre-tenants. No appearance having been put in by any of the parties, either by Pike or by Mr. and Mrs. Gibbs, judgment by default for want of an appearance was taken against all of them. In the further proceedings execution issued, the property was condemned, vend. ex. issued and lots Nos. 10 and 11 were levied upon and sold by the sheriff to Mr. Tiffany, and the sheriff's deed was acknowledged and delivered to Mr. Tiffany. Then Mr. Tiffany secured possession of the premises. He was entitled to the possession of No. 10, the contention here being as to his right of possession of lot No. 11. Now if Mr. and Mrs. Gibbs had paid in full for their lot No. 11 before the judgment of Grant & DeWaters had become a lien against Pike, then it is true that the purchaser would hold the legal title, the whole sum having been paid, simply as a trustee, and it was his duty to convey when properly requested so to do.

[We say nothing to you, gentleman, about what occurred after the sheriff's sale at this time. We are of the opinion that it is your duty to render your verdict for the land described in the writ for the plaintiffs in this action. We are the more brief in these instructions for this reason: This case was tried here before Judge DUNHAM presiding, and the jury returned a verdict in favor of the defendant, Mrs. Tiffany and the children of the deceased, and that judgment as entered upon that verdict was appealed from to the Superior Court of this commonwealth. Upon examination and review, they have substantially said that under the evidence of these parties now produced, that your verdict should be for the plaintiffs, and we so instruct you to find your verdict.] [2]

If the defendants wish to have it reviewed hereafter they may do so.

Defendants except to charge of the court after charge and before verdict.

Verdict and judgment for plaintiff. Defendants appealed.

*Errors assigned* were (1) in the general charge to the jury,

reciting same. (2) To a portion of the judge's charge, reciting same.

*H. F. Maynard*, with him *I. N. Evans*, for appellants.—The only correct and just rule is, that if, at the time the sci. fa. issues, the record shows that the defendant in the judgment, and the vendor of the land, parted with his title after the entry of the judgment, the vendee should be summoned as terre-tenant, because he is at least prima facie such terre-tenant, and then he must make his defense on the trial of the sci. fa. Then no injury is done. The doctrine contended for by the appellees would tend to nothing but confusion and open a door to wrong and dishonesty.

In the case of Hulett v. Ins. Co., 114 Pa. 142, it is clearly settled that one whose title upon the record shows that he holds under a judgment debtor, is prima facie a terre-tenant.

In the case of Colwell v. Easley, 83 Pa. 31, the doctrine is clearly stated that if the party warned as terre-tenant holds title under the judgment debtor, he must prove on the trial of the scire facias that his land is not bound by the judgment, otherwise he is estopped on the trial of an ejectment for the land.

Again, the records showing that the appellees were terre-tenants, they are now estopped from setting up unrecorded articles of agreement to the prejudice of the purchaser at sheriff's sale: Meehan v. Williams, 48 Pa. 238.

The case of Wilson v. Howser, 12 Pa. 109, holds that it would be unjust " to allow one to pocket the proceeds of the sale of his lands, or which is the same thing, allow it to be paid to his creditors without exception, and then object to the sale as null and void:" Jobe & Meanor v. Hunter, 165 Pa. 5.

We respectfully submit that the learned court erred in directing a verdict for the plaintiff, because,

First. The plaintiffs were prima facie terre-tenants, and the evidence on the trial of the ejectment was proper evidence to be given on the trial of the sci. fa. Not having been given, the judgment on the sci. fa. is conclusive.

Second. The fact that Tiffany was induced to purchase the property at sheriff's sale by the plaintiff, estopped them from disputing his title, particularly as the plaintiff used the money to pay their debts.

Third. The plaintiff having made application to open the judgment, on the ground that they were not terre-tenants, and rule obtained, the discharge of the rule was an adjudication of the question.

Fourth. Whether or not Almira F. Gibbs was represented by the husband in the transaction from the beginning, was a question to be determined by the jury.

*J. C. Ingham,* with him *D'A. Overton,* for appellees.—The appellant is seeking to have this court reverse its former decision rendered in this case and reported in Gibbs v. Tiffany, 4 Pa. Superior Ct. 29, wherein in a well-considered opinion every matter here raised is disposed of fully, clearly and completely.

The evidence is substantially the same. The appellants will not claim their case is any stronger now than before.

OPINION BY BEEBER, J., February 17, 1899:

When this case was before us the first time we held, first, that the plaintiffs' possession of lot No. 11 was sufficient for the protection of their title, and that the plaintiffs in the judgment and the subsequent purchaser at sheriff's sale were bound by the notice implied from plaintiffs' possession as completely as if plaintiffs' deed had been recorded at the time the judgment against Pike had been entered; second, that plaintiffs were not terre-tenants as to lot No. 11, because at the time the judgment against Pike was entered this lot had been fully paid for; third, that by the deed from Pike to the plaintiffs they held the title as tenants by entireties; and fourth, that Almira F. Gibbs, wife of Simon F. Gibbs, was not estopped by her acts and conduct from questioning or denying the title obtained by Tiffany at the sheriff's sale: Gibbs v. Tiffany, 4 Pa. Superior Ct. 29. We have re-examined the cases upon which we reached the four conclusions above mentioned, and we cannot see any reason why we should change our decision already made in this case.

It is urged that the appellants' case has been strengthened by the addition to it of the testimony of R. A. Mercur, by the letter of Peck & Overton, and by the additional testimony of C. S. Wood. We do not find in this additional matter sufficient evidence to justify the submission to the jury of the question of estoppel on the part of Almira F. Gibbs. In view of the law

of this state we do not see how it is possible to hold that Mrs. Gibbs has been estopped by any acts or conduct of hers from now asserting her title. The rule on the subject of estoppel of · a married woman is thus stated: "It has been settled in this state by an unbroken line of decisions, that the interest of a married woman in real estate cannot be divested except in the mode pointed out by our statutes, and that she cannot be estopped by acts and declarations which in the case of a feme sole would operate as an estoppel:" Stivers v. Tucker, 126 Pa. 74. In fact we do not think the evidence was sufficient to have estopped her had she been a feme sole.

As we are satisfied that our decision in this case, when it was here before, was correct, and that nothing has been added to it since to induce us to change our opinion, the specifications of error are overruled, and the judgment is affirmed.