# The Handel and Hayden Building and Loan Association, Appellant, *v.* Elleford et al.

*Real property—Fraudulent conveyances—Sale prior to judgment against owner—"Terre-tenant"—Judgment against new owner as terre-tenant—Act of April 4, 1798, 3 Sm. L. 331—Parties defendant—Improper joinder—Rule to strike off judgment—Remedies of creditor.*

1. A terre-tenant, in a general sense, is one who is seised or actually possessed of lands as the owner thereof. In a scire facias sur mortgage or judgment a terre-tenant is, in a more restricted sense, one, other than the debtor, who becomes seised or possessed of the debtor's lands, subject to the lien thereof.

2. A terre-tenant, within the meaning of Sections 2. and 3 of the Act of April 4, 1798, 3 Sm. L. 331, covering the subject of the. lien of judgments upon real estate and their revival, and providing that writs of scire facias to revive shall be served on the terre-tenants or persons occupying the real estate bound by the judgment, is one whose title is subsequent to the encumbrance.

3. Where one is prima facie a terre-tenant, in that he takes title to the real estate in question subsequent to the judgment sought to be revived, a plaintiff has a right to name him as such, even though the lien of the judgment may have expired, and, when so named, the terre-tenant may defend under a plea that the judgment is not and never was a lien upon his land.

4. Where a person derived his title eleven weeks prior to the date of the original judgment he was not a terre-tenant within the meaning of the Act of 1798, and a judgment of revival entered against him by default, was properly stricken from the record.

5. In such case there was no merit in the contention that the order striking off the judgment was not responsive to the relief asked, for the reason that the judgment was a general one comprehending the two original defendants as well as the terre-tenant, and the prayer was simply to strike off the judgment, without limitation, where it was apparent from a reading of the whole petition that the only relief desired was that the judgment in question should be stricken off as to the alleged terre-tenant.

6. In a proceeding to revive a judgment a person named as terre-tenant, who in point of fact did not acquire the real estate in controversy while it was subject to the lien of the original judgment, was not precluded from setting up an adverse title in a subsequent action of ejectment.

7. Where a sale is made to delay, hinder and defraud creditors, the proper manner to test the validity of the transaction is not by scire facias, but by a judicial sale at the suit of the judgment creditor; and where the judgment debtor has made a fraudulent transfer of property which otherwise would be subject to the lien of the judgment, and the creditor, for some valid reason, cannot for the time being lawfully proceed to immediate execution and sale, or for any other cause the latter has no full and adequate remedy at law, his remedy is by bill in equity.

Argued Jan. 15, 1917. Appeal, No. 197, Jan. T., 1916, by plaintiff, from judgment of C. P. No. 1, Philadelphia Co., Dec. T., 1914, No. 2158, striking off judgment in case of The Handel and Hayden Building and Loan Association v. William J. Elleford and Eleise H. Elleford, defendants, and Charles C. Wells, terre-tenant. Before BROWN, C. J., MESTREZAT, POTTER, STEWART and FRAZER, JJ. Affirmed.

Rule to strike off judgment. Before PATTERSON, J.

The facts appear by the opinion of the Supreme Court.

The court made absolute the rule to strike off the judgment. Plaintiff appealed.

*Error assigned,* among others, was in striking off the judgment.

*Joseph H. Sundheim,* of *Bernheimer & Sundheim,* with him *I. Lasker Greenberg,* for appellant.—Wells was properly joined as terre-tenant: West v. Nixon, 3 Grant (Pa.) 236; Mitchell v. Hamilton, 8 Pa. 486; Chahoon v. Hollenback, 16 S. & R. 425; McKee v. Gilchrist, 3 Watts 230; Statute of 13 Eliz. c. 5; Luther v. Luther, 242 Pa. 530; Weihl v. Distche, 34 Leg. Intell. 338; Dengler v. Kiehner, 13 Pa. 38; Miner v. Warner, 2 Grant (Pa.) 448; Saunders v. Wagonseller, 19 Pa. 248; Haak's App., 100 Pa. 59; Drum v. Kelly, 34 Pa. 415; Colwell v. Easley, 83 Pa. 31; Hulett v. Mutual Life Insurance Co., 114 Pa. 142; Gibbs v. Tiffany, 4 Pa. Superior Ct. 29; Buck-

by v. Sturtevant, 28 Pa. Superior Ct. 552; Hanhauser v. Penna. & New England R. R. Co. (No. 2), 222 Pa. 244; Boyer v. Rees, 4 Watts 201; Barrell v. Adams, 26 Pa. Superior Ct. 635.

*W. Horace Hepburn, Jr.,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, May 7, 1917:

William J. Elleford and Eleise H., his wife, executed to the plaintiff corporation a mortgage in the usual building association form, secured upon real estate in the City of Philadelphia. Mrs. Elleford owned another piece of real estate, not covered by the mortgage, which, on October 15, 1914, the two defendants conveyed to Charles C. Wells. On December 31, 1914, a judgment by confession was entered in favor of the plaintiff against these defendants, upon the bond accompanying this mortgage. December 8, 1915, plaintiff filed of record a suggestion that the above-mentioned conveyance by Elleford and wife was made without consideration and with the intent to "hinder, delay and defraud the creditors of Eleise H. Elleford, particularly the plaintiff in this case." December 9, 1915, a sci. fa. to revive the judgment issued against the two defendants and Charles C. Wells, the latter being named as terre-tenant of the property conveyed to him by the former; and, January 8, 1916, judgment was entered generally against all three, for want of an affidavit of defense. April 4, 1916, Mr. Wells obtained the allowance of a rule to show cause why the judgment against him should not be stricken from the record; and, on May 5, 1916, this rule was made absolute. The plaintiff has appealed.

Sections 2 and 3 of the Act of April 4, 1798, 3 Sm. L. 331, and 2 Purd. Dig., 13th Ed., 2042-4, covering the subject of the lien of judgments upon real estate and their revival, provide, inter alia, that writs of scire facias to revive "shall be served on the terre-tenants or persons occupying the real estate bound by the judgment." There

is some conflict in the earlier decisions of this court concerning the meaning of the term "terre-tenant," as used in this act; but it is not necessary to review our cases chronologically. It is sufficient to cite the last one touching the point under consideration, which conclusively settles it in favor of the appellee. In Hulett et al. v. Mut. Life Ins. Co. of N. Y., 114 Pa. 142, 146, we said: "A terre-tenant, in a general sense, is one who is seised or actually possessed of lands as the owner thereof. In a scire facias sur mortgage or judgment, a terre-tenant is, in a more restricted sense, one, other than the debtor, who becomes seised or possessed of the debtor's lands, subject to the lien thereof. Those only are terre-tenants, therefore, in a technical sense, whose title is subsequent to the encumbrance." Here, whatever title Mr. Wells may have to the real estate, sought to be covered by the proceedings to revive, came to him before and not "subsequent to the encumbrance"; hence, he is not a terre-tenant within the meaning of the act depended upon by the plaintiff, and should not have been named as such.

Under some of our cases,. where one is prima facie a terre-tenant, in that he took title to the real estate in question subsequent to the judgment sought to be revived, a plaintiff has a right to name him as such, even though the lien of the judgment may have expired; and, when so named, the terre-tenant may defend under a plea that the judgment is not and never was a lien upon his land: Hulett v. Mut. Life Ins. Co., supra; Hanhauser v. Penna. & New England R. R. Co. (No. 2), 222 Pa. 244, 247; Colwell v. Easley, 83 Pa. 31. In a case like the present, where the record depended upon by the plaintiff clearly shows that the person named as terre-tenant derived his title eleven weeks prior to the date of the original judgment, the fact that he is not a terre-tenant within the meaning of the Act of 1798, as construed in our latest rulings, is so apparent that, upon application, a judgment of revival entered against him by default may properly be stricken from the record.

If the summary relief granted in this case were not allowed, there would be nothing to hinder a judgment creditor in the position of the present plaintiff from filing of record suggestions of fraudulent conveyances covering all real estate disposed of by his mortgagor subsequent to the date of his mortgage lien; and thus, in numerous instances unjustly, but none the less effectually, prevent the marketing of such properties for indefinite periods of time. While there are some dicta in certain of our cases which, no doubt, suggested to plaintiff the possible validity of such a procedure, yet we have been pointed to no ruling authority therefor, and we know of none.

In a proceeding to revive, such as the one now before us, a person summoned as terre-tenant, who in point of fact did not acquire the real estate in controversy while it was subject to the lien of the original judgment, is not precluded from setting up an adverse title in a subsequent action of ejectment (Mitchell v. Hamilton, 8 Pa. 486; Dengler v. Kiehner, 13 Pa. 38; Drum v. Kelly, 34 Pa. 415; Colwell v. Easley, supra; Gibbs v. Tiffany, 4 Pa. Superior Ct. 29); and the present plaintiff does not contend to the contrary, but only that it should be allowed to retain whatever prima facie rights it may possess under the judgment against the alleged terre-tenant. There is an ample remedy to protect whatever rights the plaintiff may have in the premises; for, as well stated in the opinion of the learned court below, "Where a sale is made to delay, hinder and defraud creditors, the proper manner to test the validity of the transaction is not by suggestion and scire facias, as has been attempted in this case, but by a judicial sale at the suit of the judgment creditor": Stewart v. Coder, 11 Pa. 90, 94; Kemmler, Execx., v. McGovern et ux., 238 Pa. 460.

A judicial sale of all or any real estate alleged to be subject to a judgment, followed by ejectment, is the usual course pursued in cases like the one at bar. Where, however, a judgment debtor has made a fraudulent trans-

fer of property which otherwise would be subject to the lien of the judgment, and the creditor, for some valid reason, cannot for the time being lawfully proceed to immediate execution and sale, or for any other cause the latter has no full and adequate remedy at law, then the doors of equity are opened to him: Fowler's App., 87 Pa. 449; Hyde v. Baker, 212 Pa. 224.

The plaintiff contends that the order appealed from is not responsive to the relief asked, for the reason that the judgment is a general one comprehending the two original defendants as well as the terre-tenant, and the prayer is simply to strike it off, without limitation; but, when the whole petition is read, it is perfectly apparent the only relief desired was that the judgment in question should be stricken off as to the alleged terre-tenant and petitioner, Charles C. Wells. The order of the court below was properly restricted accordingly.

The assignments of error are overruled, and the appeal is dismissed.