## Cameron v. Wallace et al.

*Daniel B. Strickler*, for motion.
*K. L. Shirk*, contra.

SCHAEFFER, J., May 10, 1935.—This is a rule to show cause why judgment should not be stricken off as to W. D. Wallace, one of the terre-tenants. In an action of trespass instituted in the Court of Common Pleas of Dauphin County, of this State, a judgment was entered on a verdict for $1750 on February 15, 1933, against Loretta J. Berger. An exemplified record of this case and of the said judgment of $1750 was entered in the prothonotary's office of Lancaster County to April term, 1934, no. 489. On July 3, 1934, the plaintiff issued a sci. fa. to revive the judgment against said Loretta J. Berger, also known as Loretta Bucklen, also known as Loretta J. Bucklen, and Clara Bucklen, known as Clara Bucklen Fannasy, and

W. D. Wallace, terre-tenants. A return of nihil habet was made by the sheriff as to all these parties. On October 5, 1934, on motion of plaintiff, judgment was entered for the plaintiff and against defendant and terre-tenants for the debt and interest in the sum of $1922.08. On February 25, 1935, a petition was presented by W. D. Wallace, one of the terre-tenants, for a rule to show cause why judgment as to him should not be stricken off. A rule was granted by the court and an answer filed thereto by the plaintiff setting forth, inter alia, that the defendant, Loretta J. Berger, was not the record owner of any real estate or property in Lancaster County but that she was the equitable or beneficial owner of 715 Columbia Avenue, Lancaster City. It is further alleged in the answer that prior to July 3, 1934, Loretta J. Berger had title to said premises placed in the name of her niece, Clara Bucklen Fannasy, the purchase price having been advanced and paid by Loretta J. Berger, also known as Bucklen. It is averred that the title was transferred from Clara Bucklen Fannasy and her husband on June 28, 1934, to said W. D. Wallace on account of the judgment obtained in Dauphin County against Loretta J. Berger or Bucklen as aforesaid, and that W. D. Wallace is not a bona fide purchaser for value without notice in his own right, but that he held title to said real estate for the use and benefit of said Loretta J. Bucklen. It is admitted that the defendant, Loretta J. Berger or Bucklen, at no time had legal title to the real estate in question, and that W. D. Wallace, one of the terre-tenants, acquired legal title by deed prior to the entry of the judgment in the sci. fa. proceedings.

The plaintiff proceeded under the old Act of April 4, 1798, 3 Sm. L. 331, secs. 2 and 3, by issuing a writ of sci. fa. to revive the judgment and having it served on the terre-tenants or person occupying the real estate alleged to be bound by the judgment. There was some conflict in the earlier decisions of the Supreme Court, and in The Handel and Hayden B. & L. Assn. v. Elleford, 258 Pa.

143 (1917), Mr. Justice Moschzisker held that under said Act of 1798, in a sci. fa. sur mortgage or judgment, one whose title is subsequent to the encumbrance only is a terre-tenant. At page 147 of the opinion it is stated that a judicial sale of the real estate alleged to be subject to a judgment, followed by ejectment, is the usual course pursued in such cases. "Where, however, a judgment debtor has made a fraudulent transfer of property which otherwise would be subject to the lien of the judgment, and the creditor, for some valid reason, cannot for the time being lawfully proceed to immediate execution and sale, or for any other cause the latter has no full and adequate remedy at law, then the doors of equity are opened to him: Fowler's App., 87 Pa. 449; Hyde v. Baker, 212 Pa. 224."

In South Central B. & L. Assn. v. Milani et ux., 300 Pa. 250 (1930), Mr. Justice Simpson suggested a proceeding in the court of equity as the best remedy in a case like the one at bar. He said, at page 255:

"A careful study of our numerous and conflicting decisions under the Act of 1798, will lead to the conclusion that it has outlived its usefulness, and that the wise course is to proceed under the Uniform Fraudulent Conveyance Act of 1921. The Act of 1798 was passed at a time when Pennsylvania had no court of equity, and hence a method had to be devised which could be applied in a court of law. The statute has always been strictly construed; so much so that nothing can be tried under the sci. fa. except the question as to whether or not the land was bound by the judgment, and, if it had been at one time, whether or not the lien was lost".

He said also that the issue as to the alleged terre-tenant's adverse title being fraudulent could not be raised in a sci. fa. proceeding. He stated at page 256:

". . . a proceeding in a court of equity in this State, is now less expensive and more expeditious than one at law; in the former tribunal the conflicting decisions under the Act of 1798 pass out of the picture; equity's flexi-

bility enables every one interested to be brought before the court, whether as mortgagee or owner; its decree settles the rights of everybody, and a sale under it will pass a valid title to the land, and not merely a right, after paying the amount bid at the sheriff's sale and its costs, to test the title in later proceeding."

The court, therefore, concludes that the judgment obtained on the sci. fa. to revive the judgment referred to must be stricken off, without prejudice to any other proceedings which may be instituted in accordance with the Supreme Court decisions hereinbefore referred to.

And now, May 10, 1935, the rule to strike off the judgment as to W. D. Wallace is made absolute.

From George Ross Eshleman, Lancaster.