## Schuler v. Kovatch et al.

486.

*John D. Hoffman*, for plaintiff.

*Taylor, Schrader & Riskin*, for defendants.

HENNINGER, J., November 23, 1936.—Defendant, Kovatch, being the owner with his wife, Julia, of premises in Fountain Hill, Lehigh County, in 1923 conveyed same to Karl Zipf and wife, the description being correct except in the important particular that it was described as being in "Bethlehem, Northampton County" (that being the postoffice through which this territory is served and being the postoffice address for the property) instead of in "Fountain Hill, Lehigh County." The deed was recorded in Lehigh County and the Zipfs went into possession of the premises and gave a mortgage to the present terre tenants, the lodge, in which mortgage the error was repeated.

In 1935, upon default, the mortgage was foreclosed. At this time the error was discovered and corrected in the sheriff's advertising and in the deed to the lodge. The lodge at the same time, on January 12, 1935, obtained a quitclaim deed from the Kovatches correcting the description.

Meanwhile, on January 9, 1927, plaintiff obtained two judgments aggregating $1500 against the Kovatches. In 1931 these were revived against Daniel Kovatch alone and, while the sci. fa. was directed "with notice to terre

tenants", none were served. On January 27, 1936, judgment was entered on these writs and immediately new writs were issued naming Daniel Kovatch as defendant and the lodge as terre tenant. Judgment was taken for want of an affidavit of defense, whereupon the lodge moved to strike off the judgment.

We believe the more orderly procedure for the decision of this matter would have been upon an issue raised by affidavit of defense to the sci. fa. to revive the judgment. Counsel for the lodge has called our attention, however, to the case of Handel & Hayden B. & L. Assn. v. Elleford et al., 258 Pa. 143, which sanctions the present procedure if the party named as terre tenant was not one in fact within the meaning of that term under the acts providing for the revival of judgments. A terre tenant is, according to that case, one who has become seized of the debtor's land subject to the lien of plaintiff's judgment, and by title acquired subsequent to the encumbrance.

The status of the parties, therefore, between 1923 and 1935 was, at its worst from the lodge's point of view, that the Kovatches had been paid in full for a property which they had not conveyed to Zipf and that Zipf had transferred his rights to the lodge as security for the loan whose proceeds provided the purchase money paid to the Kovatches.

This situation made Zipf the equitable owner of the premises, and the lodge succeeded to these rights. The Kovatches, as the full-paid vendors, held the legal title in trust for the vendee and his mortgagee. We need not decide what effect the statute of frauds had upon this situation. In the first place, with possession given to Zipf the statute would not apply. In the second place, regardless of possession, the statute of frauds does not prevent one from honestly carrying out a parol agreement or executing a parol trust: Kauffman et al. v. Kauffman et al., 266 Pa. 270.

The lien of plaintiff's judgment attached only to such interest in the property as the judgment debtor may have

had at the time of its entry. A judgment debtor was not entitled to the protection of the recording acts until the passage of the Act of June 12, 1931, P. L. 558, 21 PS §351, and both plaintiff's original judgment and the latest sci. fa. prior to delivery of the quitclaim deed preceded that act: Reed's Appeal, 13 Pa. 476. In 1927, when the original judgments were entered, the judgment debtors had, if anything, only the bare legal title, held for the benefit of Zipf and the lodge. When the quitclaim deed was delivered in 1935, the Kovatches, having perhaps the option to interpose the statute of frauds in avoidance of any claim on the part of the lodge, chose not to avoid such claim. A judgment creditor has no standing to complain, though the Kovatches' recognition of their moral obligation deprives him of an anticipated fund: Kauffman et al. v. Kauffman et al., supra.

Furthermore, the judgment sought to be revived is not the original one in which both Kovatches are defendants, but the one taken upon the 1931 sci. fa. in which the husband alone is defendant. Under the doctrine of Beihl v. Martin, 236 Pa. 519, therefore, the quitclaim deed by husband and wife would have discharged the lien against the husband alone.

On the admitted facts, therefore, the lodge's equitable title was not acquired subsequent or subject to the encumbrance, and under the doctrine of Handel & Hayden B. & L. Assn. v. Elleford et al., supra, they are not terre tenants and are entitled to have the judgment upon the sci fa. to revive stricken off.

Now, November 23, 1936, it is ordered and decreed that the judgment entered to above terms and numbers against Edwin L. Shupp, Gross Meglathery and Frank Pedrick, trustees of Wreath of Friendship Lodge No. 917, I. O. O. F., as terre tenants of premises on Jeter Avenue, Fountain Hill, Lehigh County, Pa., be and the same is hereby stricken from the records at the costs of plaintiff.