# Mutual Guarantee Building & Loan Association, Appellant, *v.* Wilcox.

*Landlord and tenant—Lease for life—Recording acts—Mortgage—Sale under mortgage—Rights of lessee—Terre-tenant—Proceedings for possession by purchaser at sheriff's sale—Acts of May 19, 1893, P. L. 108, and April 20, 1905, P. L. 239.*

1. Where a husband and wife convey land to a son in fee, and the latter, thereafter, executes a lease to his father and mother of the land for and during their natural lives, and during the natural life of the survivor of them, and at the decease of both, the tenancy created to wholly cease and determine, the leasehold is a mere chattel, and does not come within the recording Act of May 19, 1893, P. L. 108.

2. If the son creates a mortgage on the land and such mortgage is foreclosed, and the mother, surviving the father, is made a terre-tenant in the scire facias proceedings, she may ignore such proceedings, inasmuch as she is not in fact a terre-tenant, and will not be bound by them or by a sheriff's sale of the land in pursuance of the same.

3. In such case the purchaser at the sheriff's sale takes title subject to the outstanding lease.

4. The mother's rights as lessee may be asserted in proceedings under the Act of April 20, 1905, P. L. 239, against her by the pur-

chaser at sheriff's sale to dispossess her, just as she might assert them if an ejectment had been brought against her.

Argued February 21, 1922. Appeal, No, 220, Jan. T., 1922, by plaintiff, from order of C. P. Lackawanna Co., March T., 1921, No. 714, dismissing proceedings for possession, in case of Mutual Guarantee Building & Loan Association v. Mary Wilcox. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Petition by purchaser at sheriff's sale to secure possession. Before NEWCOMB, J.

The opinion of the Supreme Court states the facts.

Petition dismissed. Plaintiff appealed.

*Error assigned,* inter alia, was order, quoting it.

*Bayard L. Buckley,* with him *D. J. Reedy* and *James J. O'Malley,* for appellant.—The lease was a deed: Caldwell v. Fulton, 31 Pa. 475; Funk v. Haldeman, 53 Pa. 229; Lehigh & Wilkes-Barre Coal Co. v. Wright, 177 Pa. 387; D., L. & W. R. R. v. Sanderson, 109 Pa. 583.

The mother was a terre-tenant: Hulett v. Mut. L. Ins. Co., 114 Pa. 142; Dengler v. Kiehner, 13 Pa. 38.

*W. W. Watson,* for appellee, cited: Davey v. Ruffel, 162 Pa. 443; Williams v. Downing, 18 Pa. 60; Marsh v. Nelson, 101 Pa. 51; Mitchell v. Hamilton, 8 Pa. 486; Dengler v. Kiehner, 13 Pa. 38; Tyrone & Clearfield R. R. v. Jones, 79 Pa. 66; Hulett v. Mut. Life Ins. Co., 114 Pa. 146; Chahoon v. Hollenback, 16 S. & R. 425; Catlin v. Robinson, 2 Watts 373.

PER CURIAM, March 20, 1922:

Defendant, Mary Wilcox, and her husband, Oliver Wilcox, were the owners of the premises situated at the northeast corner of West Parker Street and Amelia Ave-

nue, in the City of Scranton. On the 8th day of September, 1913, they conveyed the property to their son, Horace Wilcox, for the consideration of "one dollar and other good and valuable considerations" and on the 29th of September, 1913, the son, in writing, leased the property to his father and mother, "in consideration of natural love and affection and the further consideration of one dollar and the covenants in the case requiring the lessee to pay all water rents and keep the premises in good order and repair and the lessor to pay all taxes and municipal assessments made against the property, to have and to hold the said premises with appurtenances to them, the said Oliver Wilcox and Mary Wilcox, for and during their natural lives, and during the natural life of the survivor of them, and, at the decease of both the said Oliver and Mary Wilcox, the tenancy hereby created to wholly cease and determine." Lessees at the time of the making of the lease and since have continued in the possession and occupancy of the premises. The entire contract clearly indicates the purpose to create a term with right of reëntry in the lessor for breach of covenant and not to vest a technical life estate in the guise of a term.

On November 8, 1913, Horace Wilcox executed and delivered to plaintiff his bond in the sum of $2,000 secured by a mortgage on the property above referred to and, on April 11, 1914, delivered his bond to plaintiff secured by a mortgage on the premises in the further sum of $2,500. In 1918 sci. fas. were issued on both mortgages and returned nihil habet as to Horace Wilcox and served as to Mary Wilcox "terre-tenant," her husband having previously died. To alias sci. fas. similar returns were made and later judgments were entered upon which lev. fas. were issued and the property sold by the sheriff, plaintiff becoming the purchaser.

A petition was then filed under the Act of April 20, 1905, P. L. 239, to dispossess Mary Wilcox, who contested the proceedings, alleging possession under the lease and denying she was a terre-tenant of the property. In dis-

missing the petition the court below correctly held the lease did not come within the provisions of the recording Act of May 19, 1893, P. L. 108, and, consequently, was not fraudulent because not recorded. A precautionary notice of respondent's lease was given to all bidders at the sheriff's sale.

In disposing of respondent's status as terre-tenant, the court below correctly gave the law applicable, as follows: "Her right being nothing more than one of leasehold is a mere chattel. As such it was incapable of being bound by the lien of the judgment or of seizure and sale on the lev. fas. But those only are terre-tenants who claim an interest in the land by conveyance subsequent to the lien underlying the sheriff's sale: Chahoon v. Hollenback, 16 S. & R. 424; Hulett v. Ins. Co., 114 Pa. 142. It follows that both the nature of respondent's right and the date of its inception negative the theory that she was a terre-tenant. Not being so, she could not be made so at the mere will and pleasure of the mortgagee in so describing her in his foreclosure proceeding. Hence, she had no standing to contest the sci. fas. and lost nothing by ignoring them. That writ reached just what was bound by the mortgage, and nothing more, namely, such estate as the mortgagor had at the date of the mortgage. There was then an outstanding term which is still current. Divested either by private or judicial sale, the purchaser must take the title subject to the right of that tenant. Such right could be successfully asserted against an ejectment at suit of the purchaser: Mitchell v. Hamilton, 8 Pa. 486. It follows that it can in like manner be asserted here. This proceeding by citation is intended to displace the remedy by ejectment only in cases where the respondent's right, if any, must be deemed to have been extinguished along with that of the execution defendant."

The decree of the lower court is affirmed at appellant's costs.