Heymann et al. *v.* Fourth Dickerson Building Assn., Appellant.

Argued October 13, 1933.

Before KELLER, CUNNINGHAM, BALDRIGE, STADT-FELD, PARKER and JAMES, JJ.

*Frederick J. Knaus,* for appellant.

*Samuel A. Goldberg,* and with him *Wolf, Block, Schorr & Solis-Cohen,* for appellees.

OPINION BY PARKER, J., March 19, 1934:

Charles Manzi employed the plaintiffs, real estate agents, to procure for him tenants for his real estate in the City of Philadelphia. Two leases, each for the term of ten years, were prepared and executed by the plaintiffs as agents for the owner and these were then ratified in writing by the owner, the tenants taking possession and the real estate agents retaining possession of the lessor's copies of the writings. This

controversy arises out of a provision in the leases, substantially the same in each, wherein it was provided that the real estate agents as a consideration for their services in securing the tenants were authorized to collect the rent due or to become due thereunder during the continuation of the leases' or any renewals thereof and retain five per cent of the amount collected, and also to retain the leases in their possession during such periods. The lessor reserved the right to cancel the authority to collect the rent and retake possession of the lease, "provided that as a condition precedent to such action" the lessor should pay to the real estate agents or permit them to deduct and retain from rents in their hands a sum equal to five per cent of the rentals until the end of the first year, and two or two and one-half per cent, in the respective leases, of the rental for the remaining terms of the leases. The rentals were collected by the real estate agents for several months when Manzi gave to the defendant a mortgage on the premises. A few days after the execution of this mortgage, Manzi assigned to the building association, the mortgagee, the leases in question as additional security for the mortgage debt.

By a letter dated November 21, 1928, directed to the plaintiffs and delivered to the defendant, Manzi recited the existence of the leases and expressed his desire to assign the leases to the defendant building association. This letter contained the following statement: "It is understood, however, that you are to continue to collect the rentals under the said leases and to retain or receive the sums provided for in the said leases for your commissions for the making of the leases and the collection of the rentals in the same manner as if the leases had not been assigned by me." The building and loan association by writing endorsed on the letter approved of this arrangement. Thereupon the plaintiffs agreed to deliver the leases to the defendant "in accordance with the above terms and

without prejudice to our [their] rights to retain or receive the commissions provided for in the leases.'' The leases were delivered to the defendant, and the plaintiffs continued to collect the rentals until November 1, 1931. On October 13, 1931, the defendant, having foreclosed the mortgage, became the purchaser at the sheriff's sale and forthwith demanded of the plaintiffs the balance of rent then collected and in their hands and notified the real estate agents that the defendant would thereafter collect the rents.

The plaintiffs brought suit to recover the amount fixed by the contract to be paid as a condition precedent to an election by the owner to cancel the authority to collect the rentals, giving credit for a balance of current rentals for the month of October then in their hands. The defendant filed an affidavit of defense and made counter claim for the amount of rentals which the plaintiffs had collected prior to the notice of revocation. The case having been called for trial in the common pleas court before a judge without a jury, it was agreed by counsel that if the plaintiffs were entitled to recover, the amount due them would be $1,951.05, less the sum of $811.46 then in plaintiff's hands, with interest from November 1, 1931. The trial court gave judgment for the plaintiffs for the amount of their claim. As there were no disputed facts the defense was a legal one, the defendant contending that the plaintiffs had no estate, right, title, or interest in the demised premises or the leases, and that the relation between Manzi and the real estate agents was a personal one which was extinguished by the sale of the premises on defendant's mortgage. We are unable to agree with this contention.

Considering the entire writing with reference to its subject matter and obvious purpose, as it is our duty to do, it seems clear, as we will endeavor to show, that the writing amounted to an assignment to the plaintiff of a vested right to hold a portion of the rental

as security for a compensation for services then earned by the real estate agents and that this case is ruled by Landberg v. Equitable Inv. Co., 292 Pa. 476, 141 A. 302. The consideration, a valuable one which had been performed, was the procuring of the tenants for the owner's building. A different situation was presented than if the contract had been one in which the sole purpose had been to collect future rents. The leases were to be held not by the owner but by the plaintiffs and the lessor could not terminate the interest of the plaintiffs until he had paid them a fixed sum as compensation for securing the tenants. It will also be noted that the lease itself contained the stipulation with relation to the right of the plaintiffs to receive portions of the rent; that is to say, a portion of the rentals was appropriated and transferred to the plaintiffs by the very paper by which the relationship of landlord and tenant was originally created. Both the original owner and the defendant interpreted the contract as we have, for when the owner wished to assign the same leases to the defendant as security for the mortgage, the assignment was by the agreement of all concerned made subject to the rights of the plaintiffs. It is not important that the word "assign" was not used for the words employed were the equivalent of that term.

"A lessor may assign his lease to a third party, and create in the assignee a vested right to collect the rent and enforce the covenants or provisions for the purpose for which the assignment was made as effectually as the lessor could have done had he retained the ownership: Kost v. Theis and Delvin, 20 W. N. C. 545, 12 Atlantic 262. ...... His [assignee's] rights are effectual against a subsequent purchaser of the reversion without notice of the assignment (Winnisimmet Trust, Inc. v. Libby, 232 Mass. 491, 122 N. E. 575), or against a mortgagee in possession: Conley v. Fine, 169 N. Y. Supp. 162. And where, after an as-

signment of the rent, the tenant acquires the reversion, it has been held that this does not operate by way of merger to discharge the rent: Childs v. Clark, 3 Barb. Ch. (N. Y.) 52. A tenant cannot make use of an outstanding title to defeat the rights of the assignee. Where the landlord assigns his lease apart from the reversion, the relation of landlord and tenant is established between the assignee and the lessee: Isman v. Hanscom, 217 Pa. 133; 35 C. J. 1218, section 49": Landberg v. Equitable Inv. Co., supra, p. 480.

The relationship created in the instant case and that in the Landberg case are not materially different. There the leases were assigned by the lessor to a building and loan association as security for a loan. There was not an absolute sale of the lease but a transfer of it as security for an indebtedness giving the transferee the right to collect the rentals and apply them to the satisfaction of the mortgage. Here the rentals were likewise transferred for the purpose of securing a compensation due from the owner to the real estate agent and then earned by them.

A purchaser at a sheriff's sale takes the premises subject to a lease in effect at the time the mortgage was created: Mutual Guarantee B. & L. Assn. v. Wilcox, 273 Pa. 385, 117 A. 89. Not only so, but here the defendant as mortgagee not only had specific notice of this assignment but consented to the terms thereof. The writ upon which the sale was made reached just what was bound by the mortgage and nothing more; that is, such estate as the mortgagor had at the date of the mortgage. There was then an outstanding term and the purchaser took subject to that lease and to the rights of the plaintiffs, assignees of the lessor's rights.

We are unable to agree with the suggestion of the lower court that this judgment could be sustained on the ground that the plaintiffs took a power coupled with an interest or, as it is expressed in Restatement of the Law of Agency, a "power given as security."

While there is an analogy arising from the controlling principles, the plaintiffs are not here seeking to exercise a power, for the contract provided for the termination of the power by the grantor. The plaintiffs are not here insisting upon their right to execute the power but are recovering on the basis of a vested right. We are of the opinion that the plaintiffs took a vested right in a proportionate amount of the rentals sufficient to reimburse them for their services in procuring the tenants and that the judgment must be affirmed.

The judgment of the lower court is affirmed.

KELLER and CUNNINGHAM, JJ., dissent.