In re WINDSOR COMMUNICATIONS GROUP, INC. t/a Norcross-Rust Craft Greeting Card Publishers, Debtor.

WINDSOR COMMUNICATIONS GROUP, INC. t/a Norcross-Rust Craft Greeting Card Publishers, Plaintiff,

v.

Joseph A. COUSINS d/b/a Super Duper # 176, Defendant.

Bankruptcy No. 82–03714K.

Adv. No. 84–1161K.

United States Bankruptcy Court, E.D. Pennsylvania.

Sept. 25, 1985.

Howard M. Holmes, Douglas J. Smillie, Philadelphia, Pa., for plaintiff/debtor.

Robin L. Parker, Worthington, Ohio, for defendant.

OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

The issue at bench is whether we should grant defendant's motion for summary judgment in a proceeding commenced by plaintiff for a money judgment or, in the alternative, turnover of property. Because we conclude that defendant is not entitled to a judgment as matter of law, we will deny the motion.

The facts as stated by the pleadings are as follows: An involuntary petition under Chapter 7 of the Bankruptcy Code was filed on August 5, 1982, against Windsor Communications Group, Inc. t/a Norcross-Rust Craft Greeting Card Publishers ("Windsor"). Windsor converted the case to a case under Chapter 11 on August 25, 1982. Windsor has been acting as debtor-in-possession in accordance with § 1108 of the Bankruptcy Code since August 25, 1982.

Windsor commenced the instant adversary proceeding against defendant, Joseph A. Cousins, d/b/a Super Duper ("Cousins") to recover a money judgment for certain display fixtures on August 27, 1984. Pursuant to a written equipment loan agreement, Windsor provided display fixtures to Cousins, which were used to display merchandise, such as greeting cards and gift wrap, which was sold by Windsor to Cousins. By letter dated June 7, 1982, Windsor terminated the fixture loan agreement and

gave Cousins the option to purchase the fixtures. In a subsequent undated letter, Windsor demanded that the fixtures be returned if Cousins chose not to purchase them. Attached to this second letter was an invoice dated August 18, 1982, stating the depreciated value of the fixtures as $1,082.61. Windsor received no response from Cousins. Cousins has not returned the fixtures or paid the amount requested in the invoice.

Windsor filed the instant adversary proceeding to recover the stated value of the fixtures, together with pre-judgment interest and costs of suit. Cousins filed a motion for summary judgment on November 29, 1984.

In support of its motion for summary judgment, Cousins contends that under paragraph 9 of the "Norcross, Inc. Equipment Loan Agreement", there is no obligation to Windsor, because Cousins had no responsibility for the fixtures after the expiration of thirty (30) days from the date of the termination of the agreement. Paragraph 9 of the Equipment Loan Agreement provides that:

> NORCROSS shall have no liability to Customer for its failure to remove the Equipment from Customer's premises following termination by either party, although in such event Customer shall have no continuing responsibility for the Equipment following the expiration of 30 days after the effective date of such a termination.

■ Paragraph 9, however, must be read jointly with the other paragraphs of the agreement. Under paragraphs 6 and 7, Windsor has the option of removing the equipment after termination of the agreement.[1] Apparently, paragraph 9 contemplates a situation where Windsor agrees to remove the fixtures, pursuant to paragraphs 6 and 7, but fails to do so. In that situation, Windsor would have no liability for its failure to remove the equipment and the customer would not be responsible for the equipment after thirty (30) days from the date of termination. However, that factual situation did not occur here. Windsor, upon termination of the agreement, gave Cousins the option to purchase the fixtures at the stated depreciated value or return the fixtures. Under paragraph 8 of the Equipment Loan Agreement, the return of the fixtures would be at the customer's expense.[2]

The general rule is that silence does not constitute acceptance of an offer in the absence of a duty to speak. *Solis-Cohen v. Phoenix Mutual Life Insurance Co.*, 413 Pa. 633, 636, 198 A.2d 554, 555 (1964). The facts pleaded in this case, however, suggest the existence of such a duty on the part of Cousins. Windsor, the offeror, terminated the Equipment Loan Agreement, then gave Cousins, the offeree, the option to either purchase the fixtures or return them. The offeree could not thereafter retain the fixtures, exercising dominion over them and remain silent. Under these circumstances, silence is not consistent with an intent to reject the offer. Retained possession and the exercise of dominion over property, being inconsistent with the offeror's ownership thereof, may result in the offeree being bound by the terms of the offer. *Chorba v. Davlisa Enterprises,*

---

1. Paragraphs 6 and 7 of the agreement provides as follows:

   6. Customer shall have the privilege of terminating this Agreement at any time, upon 30 days' notice in writing to Norcross, after which time Norcross may, at its option, after notification to the Customer, remove the Equipment from the Customer's premises.
   7. Upon default of the Customer of the performance of any of its obligations hereunder, or upon change of ownership, store location, change of merchandising policy or change in the credit position of Customer, Norcross may terminate this Agreement by giving 30 days' notice to the Customer. Norcross, in addition to any other rights it may have, may enter upon the Customer's premises and, with or without process of law, remove the Equipment from the Customer's premises.

2. Paragraph 8 provides:

   8. Upon the termination of this Agreement by either party, Customer shall be responsible and shall bear all costs for such removal and for the transportation, shipping and related charges for the relocation of the Equipment as directed by Norcross, but in no event will such charges (exclusive of removal costs) be in excess of F.O.B. West Chester, Pennsylvania.

*Inc.* 303 Pa.Super. 497, 450 A.2d 36 (1982); Restatement (Second) of Contracts § 69(2) and Comment e.

Summary judgment shall be granted only when the pleadings, depositions, interrogatories, affidavits and admissions filed in the case "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law". Fed.R.Civ.P. 56(c). In considering a motion for summary judgment, the Court must resolve any doubt as to the existence of genuine issues of fact against the moving party. *Hollinger v. Wagner Mining Equipment Co.*, 667 F.2d 402 (3d Cir.1981). Summary judgment will be invoked when "the movant has established his right to a judgment with such clarity as to leave no room for controversy and that the other party is not entitled to recover under any discernible circumstances". *Ozark Milling Co. v. Allied Mills, Inc.*, 480 F.2d 1014, 1015 (8th Cir. 1973). The facts as revealed by the papers, in light of the standard for granting summary judgment, do not indicate that Cousins is clearly entitled to prevail as a matter of law. Accordingly, we will deny the Cousin's motion for summary judgment and list the matter for trial.